[No. 13789.   Department One. — January 19, 1891.]

## H. EDWIN MOORE, APPELLANT, v. LONG BEACH DEVELOPMENT COMPANY, RESPONDENT.

DOUBLE APPEAL — STIPULATION IN TRANSCRIPT — STATEMENT ON MOTION FOR NEW TRIAL — AUTHENTICATION. — Where a double appeal is taken by one notice from a judgment, and an order denying a new trial, and the transcript contains a stipulation that "the appeal herein may be heard" on the record on appeal in the transcript, the statement upon motion for new trial may be looked into on the appeal from the order denying a new trial, and it cannot be objected that it is not identified as having been used upon the hearing of the motion.

INNKEEPERS — LIABILITY FOR LOSS OF BAGGAGE — ACCIDENTAL FIRE — GUESTS — BOARDERS. — Conceding, without deciding, that under the law of this state an innkeeper is an insurer of the goods of transient travelers or guests placed in the inn, against everything but the act of God or the public enemy, or the neglect or fraud of the owner of the property, the innkeeper is not liable to a boarder for the loss of baggage destroyed as the result of a purely accidental fire.

ID. — PLEASURE RESORT — RESIDENCE — RECEPTION OF FAMILY AS BOARDERS. — A family going to an inn at a pleasure resort to remain an indefinite time, which may be very prolonged, depending on the health of one of its members, and who have no other place of residence, and have previously made arrangements for board by the month at terms much lower than those for transient travelers, become boarders, and not mere transient travelers or guests.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion.

*Scarborough & Waterman,* and *Chapman & Hendricks,* for Appellant.

A guest is a traveler, wayfarer, or transient comer to an inn for lodging and entertainment. (*Curtis* v. *Murphy,* 63 Wis. 4; 53 Am. Rep. 242; *Calye's Case,* 8 Coke, 32; *Jolie* v. *Cardinal,* 35 Wis. 118; *Clute* v. *Wiggins,* 14 Johns. 175; 7 Am. Dec. 451, and note; 2 Kent's Com. 597; *Russell* v. *Fagan,* 8 Atl. Rep. 260 (Del.); *Walling* v. *Potter,* 35 Conn. 183.) The relation continues so long as the guest sojourns as a traveler, though a special price be agreed upon. (*Pinkerton* v. *Woodward,* 33 Cal. 557; 91 Am. Dec. 657; *Shoecraft* v. *Bailey,* 25 Iowa, 553; *Clute* v. *Wiggins,* 14 Johns. 175; 7 Am. Dec. 451, and note; *Beale* v. *Posey,* 72 Ala. 323; *Hancock* v. *Rand,* 17 Hun, 279; 94 N. Y. 1; 46 Am. Rep. 112; *Lusk* v. *Belote,* 22 Minn. 468; *Northcross* v. *Northcross,* 53 Me. 163; *Jolie* v. *Cardinal,* 35 Wis. 118; Schouler on Bailments, 256; *Ewart* v. *Stark,* 8 Rich. 423; *Hall* v. *Pike,* 100 Mass. 495; *Berkshire Woolen Co.* v. *Proctor,* 7 Cush. 417.) To constitute a boarder, there must be a special agreement for board and lodgings for a specified time, and he must not be a traveler. (*Neal* v. *Wilcox,* 4 Jones, 146; 67 Am. Dec. 267; *Hancock* v. *Rand,* 17 Hun, 279; 94 N. Y. 1; 46 Am. Rep. 112; *Bennett* v. *Miller,* 5 Term Rep. 273; *Horner* v. *Harvey,* (N. Mex. 1885); *McDaniels* v. *Robinson,* 26 Vt. 316; 62 Am. Dec. 589, and note; *Curtis* v. *Murphy,* 63 Wis. 4; 53 Am. Rep. 242.) A boarder must have his residence at the inn. (*Walling* v. *Potter,* 35 Conn. 183.)

*Lee, Gardner & Scott,* and *A. B. Hotchkiss,* for Respondent.

The record shows that the fire was purely accidental, and that plaintiff might have rescued his property, but failed to do so. This constitutes a defense, regardless of whether plaintiff was a boarder or a guest. (*Vaughn* v. *C. C. R. R. Co.,* 83 Cal. 22; Civ. Code, secs. 1852, 1859; *Hirshfield* v. *C. P. R. R. Co.,* 56 Cal. 484; *Merritt* v. *Clag-*

*horn,* 23 Vt. 177; *Treadwell* v. *Whittier,* 80 Cal. 583; 13
Am. St. Rep. 175.) Inevitable accident is a defense.
(Brown's Legal Maxims, 5th ed., p. 393; *Hoffman* v. *Tu-
olumne Water Co.,* 10 Cal. 418; *Rodgers* v. *Central Pacific
R. R. Co.,* 67 Cal. 609; Civ. Code, secs. 1836, 1839, 1852,
1859; *Vance* v. *Throckmorton,* 5 Bush, 45; 96 Am. Dec.
327; *Cutler* v. *Bonney,* 30 Mich. 263; Story on Bail-
ments, 3d ed., secs. 465, 469; Jones on Bailments, 99,
107.) Whether a person is a guest or a boarder at an
inn is a question of fact, in view of the circumstances.
(*Hall* v. *Pike,* 100 Mass. 495; *Ness* v. *Stephenson,* 9 Q. B.
245; *McKeever* v. *Market Street R. R. Co.,* 59 Cal. 300;
Schouler on Bailments, 256.) Plaintiff became an in-
hibitant or a resident of the place and a boarder at Long
Beach. (Rapalje and Lawrence's Law Dict., tit. Boarder;
*Berkshire W. Co.* v. *Proctor,* 7 Cush. 417, 425.)

FOOTE, C. — The respondent contends that the state-
ment upon motion for a new trial which appears in the
transcript cannot be looked into, for the reason that it is
not *identified* as having been *used* upon the hearing of
the motion.

There is but one notice of appeal, and that is, both as
to the judgment, and the order denying a new trial. The
stipulation at the end of the transcript is to this effect:
" It is hereby agreed that the foregoing transcript con-
tains a full, true, and correct copy of all papers necessary
and proper to be used on this appeal; that the appeal
herein was duly perfected, and the requisite deposit in
lieu of an undertaking was given within the time pre-
scribed by law; that the foregoing is a full, true, and cor-
rect transcript of the record on appeal, and that the
appeal herein may be heard thereon."

If the word "appeal," as used in the stipulation, was in-
tended to apply to both the order denying a new trial,
and the judgment, then it covers the statement of the case
which appears in the transcript, which is in due form,

and appears to have been *settled* by the judge, and *filed* on February 3, 1890. The order denying a new trial was made on the 17th of February, 1890.

It is plain that the appeal was taken from both order and judgment, and the stipulation evidently refers to them both, where the word " appeal " is used. Since the stipulation states that the "appeal herein may be heard" upon the record on appeal in the transcript, it is proper that the statement here, under all the facts appearing in the record, should be held as being one that can be looked into on the appeal from the order denying a new trial.

The main argument for the reversal of the judgment and order by the appellant seems to be that the evidence is insufficient to show that the plaintiff was a *boarder,* and not a *guest,* of the innkeeper who was sued, and the former contends that if a guest he is entitled to recover, but not as a boarder.

The case, as stated in the complaint, is that of an individual who goes to an inn as a guest or transient traveler, and while he is there the inn burns down, and he loses his baggage, containing wearing apparel, jewels, and other personal valuables, occasioned by the negligence of the defendant and his servants, and seeks to make the innkeeper responsible for the loss. The fire appears to have been purely accidental, and there is nothing to show that the goods lost were not under the control of the owner, kept in his rooms, or that they were ever in the manual possession of the innkeeper.

Nor is it proved or found that the fire or loss occurred by any negligence of the defendant, its servants or agents. But the plaintiff contends that an innkeeper is an insurer of the goods of his guests placed in the inn, even as against loss by fire, as well as robbery and theft, and that if they are lost or injured while there, by any of these agencies, that the innkeeper must make good the loss.

It does not seem that any case, as to such a loss by fire, has been adjudicated by the appellate court of this state.   But in *Mateer* v. *Brown*, 1 Cal. 221, 52 Am. Dec. 303, and in *Pinkerton* v. *Woodward*, 33 Cal. 600, 91 Am. Dec. 657, cases where the loss to the guest seems to have been occasioned by robbery, it was held that the innkeeper was an insurer of the property committed to his care, against everything but the act of God or the public enemy, or the neglect or fraud of the owner of the property.

Conceding, therefore, without deciding, that the view urged by the appellant is the law of this state upon the matter in hand, the real question for determination here is, whether the evidence shows the plaintiff to have been a *guest* or a *boarder*.   Each case, as to this point, turns upon its special state of facts.   There is no doubt in our minds, upon the facts here, that the plaintiff and his family were boarders whose time of remaining at their place of sojourn depended upon their own volition. They went to the inn to ascertain if it was a place where the health of the wife of the plaintiff would be benefited, with the determination to remain there indefinitely, perhaps for a *very long time*, if such should be the case. But with a view, if her health did not improve, to leave at any time.   It was also shown that the plaintiff, before going there with his family, had made an arrangement for terms of entertainment at a great deal less than those for a transient traveler, and by the month, and they went prepared to stay, if they desired, for a considerable time, and to enjoy all the gayeties that might take place. They had no other place of residence, and for the time being this inn was to be such, subject, as to time of stay, to their volition, but at reduced rates of board by the month.

It was evidently the hope and the expectation of the plaintiff and wife that her health would be benefited at this inn, which was a pleasure resort, its principal busi-

ness season being that of the summer. And it is fair to presume that they thought it would benefit her, and went prepared to stay as permanent boarders, rather than transient travelers. These facts were known to the defendant, and with this idea in the minds of both the contracting parties, together with the fact that the plaintiff had just been boarding at another inn, at another place, and had left there some of his goods, such as he did not expect to need at the defendant's inn, and had no fixed home, and that he got reduced terms of board, and did not place his valuables in the care of the inn-keeper, are very persuasive that it was the intention of all the parties that he should be a boarder, and not a mere transient traveler or guest, and, for the time being, a resident of the place where he was intending to board. Under these facts, and others appearing in the record, we cannot say that the findings of the court below are not sufficiently supported by the evidence.

We therefore advise that the judgment and order be affirmed.

BELCHER, C., and HAYNE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Hearing in Bank denied.