[No. 13170. Department One. — May 20, 1891.]

WALTER W. WILLIS, RESPONDENT, v. L. E. Mc-MAHAN ET AL., APPELLANTS.

INNKEEPER — REFUSAL TO RECEIVE GUEST — BENEFIT FROM MINERAL SPRINGS — EVIDENCE. — In an action against an innkeeper for damages for refusal to entertain the plaintiff at the inn, thereby preventing him from receiving benefit from mineral springs owned by the innkeeper, where the evidence shows that the water of the springs was the principal inducement to visitors of the hotel, and was the sole inducement to the plaintiff, who was an invalid, and had been entertained at the hotel before, and benefited by the water, and had visited the springs hoping to be benefited again, it is not error for the court to allow the plaintiff to testify that preventing him from using the water had a very injurious effect upon his health.

ID. — INSTRUCTION — FURNISHING MINERAL WATER. — The injury to the plaintiff being the refusal of entertainment at the hotel, and, in consequence, the use of the water, it was not error for the trial court to refuse to instruct the jury that the innkeepers were not bound to furnish the water of the spring, where there was no evidence that they refused to allow the plaintiff the use of it.

APPEAL from a judgment of the Superior Court of Lake County, and from an order denying a new trial.

The facts are stated in the opinion.

*Marshall Arnold*, and *George A. Lamont*, for Appellants.

Plaintiff could only recover damages proximately resulting from the refusal to receive him as a guest. (Civ. Code, sec. 3333.) He should not have been allowed to testify that his health was injured by being deprived of the use of the water. Such damage was too remote. The appellants, as hotel-keepers, were not bound to fur-

nish water of a particular spring, and the court should have so instructed the jury.

*Ira C. Jenks,* and *R. W. Crump,* for Respondent.

TEMPLE, C. — Appeal from judgment and order denying defendants' motion for a new trial.

Action for damages for refusal to entertain plaintiff at defendants' hotel, thereby preventing him from receiving the benefit of Bartlett Springs water.

It appears that defendants were proprietors of Bartlett Springs, in Lake County, and of a hotel at the springs, for the accommodation of guests, who resorted there in great numbers for the water, which was the principal inducement for guests to visit the hotel.

The plaintiff was an invalid, and had on several occasions been entertained at the hotel and benefited by the water. On the ninth day of June, 1888, he again requested entertainment as a guest. There was room for his accommodation; he was a fit and proper person, and had ample means of payment.

The manager, one of the proprietors, being present, refused him entertainment, saying: " I 'll teach you how to get up a petition to have me removed."

It is claimed here that the court erred in allowing plaintiff to testify that preventing him from using the water had a very injurious effect upon his health. Under the circumstances, however, this amounted to no more than the previous statement, that the water had benefited him; that he was an invalid, and had visited the springs hoping to be benefited again. The jury could not have been misled, for it could have had no other meaning. The complaint avers, and the evidence shows, that the water was the principal inducement to visitors of the hotel, and was the sole inducement to plaintiff. Necessarily, to be deprived of it would be an injury, in his estimation.

Error is also claimed in the refusal to give defendants'

fourth instruction, to the effect that defendants were not bound to furnish water of the spring. There was no evidence that they refused to allow plaintiff the use of it. His injury was in being refused entertainment at the hotel, and, in consequence, the use of the water.

We think the judgment and order should be affirmed.

BELCHER, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.