[14115. In Bank. — July 14, 1893.]

JANE W. MAGEE, APPELLANT, v. THE PACIFIC
IMPROVEMENT COMPANY, RESPONDENT.

INNS—HOTEL DEL MONTE—LIABILITY OF INNKEEPER TO GUESTS—LOSS BY FIRE.
—The hotel known as the "Hotel Del Monte" is a public inn, and the pro-
prietor and keeper thereof is liable as an innkeeper for the safety of personal
property belonging to its guests, in case of loss thereof by fire.

ID.— "BOARDER"—FINDING AGAINST EVIDENCE—RULE OF INN—NOTICE.—A find-
ing that the plaintiff was an inmate of the house under a special arrangement
for board and lodging by the week for a permanent stay, is against the evi-
dence, where there is no evidence of such contract other than a rule of the
house to charge guests a less rate *per diem* weekly for entertainment where
the guest remained more than one week, there being no notice of such rule to
the plaintiff, or any agreement for board by the week.

ID.—FINDINGS—MATERIAL ISSUE—EVIDENTIARY FACTS.—In an action against an
innkeeper to recover the value of personal property lost by the burning of the
inn, an issue as to whether the plaintiff was a guest or boarder at the inn is
one upon which the court should have made an express finding, and a finding
that the plaintiff had made a special arrangement with the defendant for board
and lodging by the week is not determinative of such issue, but is merely a
matter of evidence to be considered in determining that issue.

ID.—CORPORATION AS INNKEEPER—ULTRA VIRES—ESTOPPEL.—A corporation
which engages in the business of innkeeping and assumes the liability of an
innkeeper towards a guest, and receives from the guest the consideration for
such liability, cannot, in an action against it to recover damages for personal
property destroyed by fire, plead that its acts as an innkeeper are *ultra vires*
because under its corporate powers it was not authorized to engage in such
occupation.

APPEAL from a judgment of the Superior Court of the City
and County of San Francisco.

The facts are stated in the opinion of the court.

*Blake, Williams & Harrison*, for Appellant.

The act of the defendant in carrying on the business of inn-
keeping was not *ultra vires*. (Brice's Ultra Vires [Green], p.
89, and cases cited in notes 1 and 2. See *Vandall* v. *S. S. F.
Dock Co.*, 40 Cal. 83, 89, 90.) Even if the act was *ultra vires*,
still the corporation, having received the benefits of it and the act
not having been unlawful, is estopped from pleading *ultra vires*
as a defense. (*Miners' Ditch Co.* v. *Zellerbach*, 37 Cal. 543, 578,
579; 99 Am. Dec. 300; *Bissell* v. *Michigan etc. R. R. Co.*, 22
N. Y. 262; *Whitney Arms Co.* v. *Barlow*, 63 N. Y. 62; 20 Am.
Rep. 504.) The hotel was a public inn. (2 Kent Com., 11th
ed., p. 595; *Wintermute* v. *Clark*, 5 Sand. 242; *Cromwell* v.
*Stephens*, 2 Daly, 15–21; *Thompson* v. *Lacy*, 3 Barn. & Ald.

283; *Pinkerton* v. *Woodward*, 33 Cal. 557, 597; 91 Am. Dec. 657.) The defendant being an innkeeper was liable for the loss of goods destroyed by fire. (Civ. Code, sec. 1859; *Coggs* v. *Bernard*, 1 Smith's Lead. Cas. 401; *Hulett* v. *Swift*, 33 N. Y. 571; 88 Am. Dec. 405; *Mateer* v. *Brown*, 1 Cal. 221; 52 Am. Dec. 303; *Pinkerton* v. *Woodward*, 33 Cal. 558, 599, 600; 91 Am. Dec. 657. See *Hill* v. *Owen*, 8 Blackf. 323; *Laird* v. *Eichold*, 10 Ind. 212; 71 Am. Dec. 323; Story on Bailments, sec. 482 [5].)

*A. B. Hotchkiss*, for Respondent.

The hotel was not an "inn." (Schouler on Bailments, p. 253; Pen. Code, sec. 365; *Bonner* v. *Wellborn*, 7 Ga. 297; *Southwood* v. *Meyers*, 6 Bush, 681; Civ. Code, secs. 1861, 1862.) Conceding that defendant was acting as an innkeeper, its acts done as innkeeper were *ultra vires*. (See *Central T. Co.* v. *Pullman's Car Co.*, 139 U. S. 60, 61.) The defendant was not liable for the loss as it was occasioned by an accidental fire. (*Merritt* v. *Claghorn*, 23 Vt. 182; *Cutter* v. *Bonney*, 30 Mich. 239; *Vance* v. *Throckmorton*, 5 Bush, 42; 96 Am. Dec. 327; *Hoffman* v. *Tuolumne Water Co.*, 10 Cal. 418; *Moore* v. *Long Beach D. Co.*, 87 Cal. 483.) The question as to whether the plaintiff was a boarder or a guest was one of fact. (*Hall* v. *Pike*, 100 Mass. 495; *Moore* v. *Long Beach D. Co.*, 87 Cal. 483.) An innkeeper may contract specially as a boarding-house keeper. (Story on Bailments, sec. 225.)

HARRISON, J.—This action was brought to recover from the defendant the value of certain personal property, lost by the burning of the Hotel Del Monte, April 1, 1887. Judgment was rendered in favor of the defendant, and the plaintiff has appealed.

It was held in *Fay* v. *Pacific Improvement Co.*, 93 Cal. 253, upon the facts then before the court, that the defendant, as the proprietor and keeper of the Hotel Del Monte, was an innkeeper, and as the facts herein are almost identical with those presented in that case, the defendant must in the present case be held to have been an innkeeper, and subject to its liabilities. It is, however, contended by the defendant that in the present

case the plaintiff was a "boarder" with it rather than a "guest," and consequently that its liability as an innkeeper does not exist. The finding of the court upon this issue is as follows: "That plaintiff and her assignor at the time of the destruction of said house by fire were inmates of said house under special arrangement for board and lodging by the week for a permanent stay, and at the time of the fire had given no intimation to defendant of any intention to depart from said house, where they had been for about ten days."

The appellant contends that this finding is not sustained by the evidence, and we are of the opinion that her contention is correct. The plaintiff testified that there was no special contract made between her and the management of the hotel as to the terms upon which she was received; that she simply went into the office, asked for a room, registered and was assigned to the room; and instead of there being any testimony in conflict with this statement, it was corroborated by testimony given on behalf of the defendant by its clerk and manager. The only evidence which it is contended supports the above finding is that it was shown to be a rule of the house to charge a guest a less rate *per diem* for entertainment by the week than by the day, and that if a guest remained more than a week, he got the benefit of the rule; that they treated all persons as transient guests until they remained a week, and then they commenced to treat them as boarders and charged them the weekly rates; and that the plaintiff had been at the hotel about ten days at the time of the fire. It was not shown, however, that this rule was ever brought to the knowledge or notice of the plaintiff, or that she was ever informed of the rates of charge, the only evidence upon that subject being that she always paid all demands that were made on her for her entertainment; and the defendant's manager testified that nothing was said when they came in about whether they came there by the day or otherwise. There was no evidence whatever that the plaintiff made any arrangement "for a permanent stay," or that there was at any time anything said or done with reference to the time that she would remain at the hotel.

Whether the plaintiff was a guest or a boarder with the defendant was an issue in the case upon which the liability of the

defendant depended, and upon which the court should have made an express finding. This question was one of fact to be determined by the court upon all the evidence before it. Whether the plaintiff made a special arrangement respecting her stay with the defendant was only evidence to be considered by the court in determining the ultimate fact whether she was a guest or a boarder. Even if the finding of the court that she had made a special arrangement with the defendant for board and lodging by the week had been sustained by the evidence, that fact would not be determinative of the issue whether she was a guest or a boarder, but would be merely evidence to be considered in determining that issue. (*Pinkerton* v. *Woodward*, 33 Cal. 597; 91 Am. Dec. 657; *Hancock* v. *Rand*, 17 Hun. 279; 94 N. Y. 1; 46 Am. Rep. 112; *Hall* v. *Pike*, 100 Mass. 495.)

The proposition of the defendant that because innkeeping is not enumerated as one of the objects of its incorporation, its acts as an innkeeper are *ultra vires*, and cannot form the basis of any liability therefor, cannot be maintained. Having engaged in that occupation and assumed the liability of an innkeeper towards the plaintiff as his guest, and received from her the consideration for such liability, the defendant cannot now repudiate its obligation upon the ground that under its corporate powers it was not authorized to engage in such occupation.

The judgment is reversed and a new trial is ordered.

McFARLAND, J., GAROUTTE, J., and DE HAVEN, J., concurred.