Krudwig, Respondent, vs. Koepke, Defendant: Kaehne, Appellant.

*January 10—February 15, 1938.*

*L. J. Fellenz* of Fond du Lac, for the appellant.

For the respondent there was a brief by *A. D. Sutherland, S. Richard Heath,* and *J. E. O'Brien,* all of Fond du Lac, and oral argument by *Mr. Sutherland* and *Mr. Heath.*

Rosenberry, C. J. The defendant Kaehne contends that the court erred in permitting plaintiff to file an amended complaint and in overruling the defendant Kaehne's plea that the causes of action set out in the plaintiff's complaint were barred by the statute of limitations. In the complaint upon which the first action was tried it was alleged:

"That Al Koepke and Anton Kaehne assaulted and violently beat the plaintiff."

Recovery was sought for the damages caused by the assault. While the complaint in the first case implied that the defendant Kaehne personally took part in the assault and

battery, the evidence received upon the first trial without objection was substantially the same as that received upon the second trial under the amended complaint, with the exception of the evidence relating to the injuries sustained by the plaintiff. The former judgment was reversed for the reason that—

"There is nothing in the questions submitted to the jury or in the instructions given to call attention to the point that to render Kaehne responsible he must have *intended* by what he said to Koepke to cause him to commit an assault and battery."

Upon the second trial, plaintiff amended his complaint and set up three causes of action: (1) On the ground that the defendant Kaehne intentionally procured Koepke to make the assault; (2) that the defendant Kaehne directed Koepke, his employee, to make the assault; and (3) that the defendants, Kaehne and Koepke, conspired to commit the assault.

While the complaint upon which the first action was tried alleged that Kaehne committed an assault, implying that he was personally present, the case was tried upon an entirely different theory. Upon the first trial the jury found that Kaehne ratified and approved the acts of Koepke, and that Kaehne incited or abetted Koepke to commit the assault. The evidence having come in without objection, although there was no formal application to amend, the complaint will be deemed to have been amended. *Wulfers v. E. W. Clark Motor Co.* (1922) 177 Wis. 497, 188 N. W. 652. The complaint as amended on the second trial merely set forth the same transaction tried in the first instance in three causes of action to meet the three aspects of the proof. It was not, as plaintiff contends, an abandonment of the original cause of action.

If the amended complaint does not state a cause of action based upon assault and battery, the plaintiff had six years within which to commence his action; if it states a cause of action for assault and battery, the plaintiff had two years

within which to commence his action. The action in fact was begun within seven months from the assault. Under sec. 330.35, Stats., if an action is commenced within the time prescribed therefor and the judgment therein shall be reversed on appeal, a new action may be begun within one year after the reversal. This certainly operates to extend the time, and the amendment was well within the time specified.

Further contentions of the defendant Kaehne are that the evidence did not sustain the finding that he procured or ordered the commission of the assault, and that the evidence does not sustain the finding with respect to intent, and that there is no proof of the elements necessary to establish conspiracy. We have examined the record and find the verdict to be well supported in all respects.

After verdict the plaintiff moved: (1) To change the answer to subparagraph (b) of question 8; (2) for a reasonable amount to be inserted in subparagraph (e) of question 8; (3) that, if both of these motions are granted, for judgment upon the special verdict as so modified by the court; (4) in the alternative, if the last three motions are denied, for judgment upon the special verdict. The motions were denied and, upon the plaintiff's motion, judgment was entered on the verdict. The plaintiff filed a motion for review and now seeks to review the award of damages.

It is considered that the plaintiff is not entitled to a review of the award of damages for the reason that after his first three motions were denied he elected to take judgment for the amount awarded him by the jury. If the plaintiff wished to stand upon his contention that the damages were inadequate instead of moving for judgment upon the denial of his three preliminary motions, he should have moved for a new trial. *Marwalt Realty Co. v. Greene* (1937), 224 Wis. 7, 271 N. W. 651; *Duss v. Friess* (1937), 225 Wis. 406, 273 N. W. 547; *Sletten v. Madison* (1904), 122 Wis. 251, 99 N. W. 1020.

Plaintiff urges that the court should exercise the power conferred upon it under sec. 251.09, Stats. It is considered, however, that there is nothing in the case before us which calls for the exercise of such power. This case has been twice tried. In each instance the jury found in favor of the plaintiff and assessed substantially the same amount as damages. Although the showing in regard to damages was much more complete upon the second than upon the first trial, the award of damages was not substantially increased. Under the circumstances this court cannot say that substantial justice has not been done.

The court in its opinion when the case was here before stated (223 Wis. 244, 249, 270 N. W. 79) :

"If Kaehne invited the assault, in the sense of asking Koepke to commit it, and Koepke pursuant to the invitation committed it, this would amount to inciting it, but, if what Kaehne said merely 'encouraged' Koepke to make the assault, without intention on Kaehne's part that it should have that effect, Kaehne not being present at the time of the assault, this would not fix responsibility upon him."

The word "inciting" was not used with technical accuracy. *United States v. Ault* (D. C. 1920), 263 Fed. 800; *State v. Diamond* (1921), 27 N. M. 477, 202 Pac. 988, 20 A. L. R. 1527; *Piluso v. Spencer* (1918), 36 Cal. App. 416, 172 Pac. 412. In order that one may incite another, that is, to move another to action, to spur him on, persuade him, it is necessary that he be present at the scene of action; otherwise he is directing, ordering, or procuring. In one instance the initiative is with the actor, in the other the initiative is with the one directing, ordering, or procuring. The distinction is a very narrow one and, in any event, the context in which the word was used in the former opinion would preclude anyone from being misled by it. See also *Hilmes v. Stroebel* (1883), 59 Wis. 74, 17 N. W. 539.

*By the Court.*—Judgment affirmed.