Fox (META), Plaintiff and Respondent, and Fox (LLOYD), Plaintiff and Appellant, vs. KAMINSKY and another, Defendants and Appellants: HARTFORD ACCIDENT & INDEMNITY COMPANY, Impleaded Defendant and Appellant.

*January 13—February 10, 1942.*

For the appellants Lloyd Fox and Hartford Accident & Indemnity Company there was a brief by *Orville S. Luckenbach* of Shawano, attorney for Lloyd Fox, and *Bird, Smith, Okoneski & Puchner,* attorneys for Lloyd Fox and the Hartford Accident & Indemnity Company, and *Richard P. Tinkham, Jr.,* of counsel, all of Wausau, and oral argument by *Charles F. Smith.*

For the appellants-respondents Frank Kaminsky and Farmers Mutual Automobile Insurance Company there were briefs by *Genrich & Genrich,* attorneys, and *Herbert L. Terwilliger, James A. Fitzpatrick,* and *William J. Hoffmann* of counsel, all of Wausau, and oral argument by *Mr. Fred W. Genrich, Jr.,* and *Mr. Terwilliger.*

*Orville S. Luckenbach* of Shawano, for the respondent Meta Fox.

WICKHEM, J. Lloyd and Meta Fox were husband and wife and resided at Marion, Wisconsin. Meta Fox owned a Plymouth car on whose purchase she had turned in a second-hand car, her husband keeping up the payments and habitually using the car with her consent. On November 16, 1940, Lloyd Fox drove this car home and invited his wife and son to take a trip to a Shawano lake to see whether it was free from ice and available for duck shooting. In the hope that he might discover the condition of the Embarrass river, Fox drove along certain side roads which afforded a view of that river. At the time of the accident he was driving north on a town road which was well graveled and along which there was little traffic. Just before the accident he proceeded up a gradual hill which obscured his view. The Kaminsky car was proceeding south and approaching the top of the hill, and a collision occurred. The testimony of the Foxes and of Kaminsky was contradictory as to where each car was driving.

Each claimed that the other was driving to the left of the center of the highway. The condition of the cars after the accid:nt indicates that the Fox car was struck back of the front left fender by the front of the Kaminsky car.

It is not claimed that the answers to the special verdict are not sustained by the evidence. The principal controversy from the standpoint of the appellant, Fox, has no relation to, and does not affect the right to recovery of Meta Fox. Lloyd Fox contends that there was prejudicial error in excluding the testimony of a disinterested witness who noted the speed of the Fox car some two thousand feet south of the collision and some six hundred to nine hundred feet east. This witness was approaching the town road on which this accident occurred, and was facing the road from a somewhat elevated point of view. The Fox car passed the intersection of the road on which this witness was traveling at a distance of six hundred to nine hundred feet from the witness. He judged the speed of the Fox car to be thirty-five to forty miles an hour, stated that he had a full view of the road as the Fox car proceeded the two thousand feet to the point of accident, and that the Fox car, if anything, decreased its speed as it went up the hill toward the scene of the accident.

The matter has given us some difficulty, but we are of the view that the exclusion of this evidence constituted error. While it may be true that estimates of speed at a distance of two thousand feet or more may have so little probative value that their exclusion from evidence is at least nonprejudicial, the situation here is different. There can be no question that an estimate of the speed of the Fox car as it passed the intersection some six hundred to nine hundred feet away and at right angles to the line of travel of witness was within the testimonial qualifications of the witness. In this connection see *Ronning v. State,* 184 Wis. 651, 200 N. W. 394. The speed at this point, of course, was wholly immaterial, but since the witness was driving at right angles to Fox's line of

travel and occupied a high point from which observation could be advantageously made, he could at least testify that there was no material or substantial increase of speed during the two thousand feet following the intersection.

The more difficult question is whether the exclusion of the evidence was prejudicial, but we have been unable to escape the conclusion that it was. It is plain from the verdict of the jury that the factor which differentiated in quality the negligence of Kaminsky and Fox was excessive speed on the part of Fox, and that upon this factor the jury found Fox substantially more negligent than Kaminsky. To be sure, there was in evidence the testimony of Fox on adverse examination that he approached the scene of the accident at a speed of from forty to fifty-five miles an hour, and testimony of Meta Fox on adverse examination that at the time of the accident Fox was going from forty to fifty miles per hour. There was, however, also in evidence the testimony of a former sheriff who arrived at the scene of the accident shortly after its occurrence, and who testified that he exacted from Lloyd Fox an admission that he was driving at a speed of from sixty to seventy miles per hour. The testimony of this witness was attacked by the disclosure that he was being prosecuted by plaintiff's attorney for malfeasance in office, and that he claims to have talked only to Fox after the accident. His testimony is flatly denied by Fox. It is pointed out by the defendant, Kaminsky, that the jury was amply justified on the basis of testimony of Fox and his wife in finding excessive speed in view of their own testimony and the fact that the view of Fox as he proceeded up the hill was so obscured as to make applicable sec. 85.40 (5), Stats., which requires in traversing grades where the operator does not have a clear view of approaching traffic upon the highway that his speed shall not be greater than that which will permit him to stop his vehicle within one half the range of his vision.

There certainly is evidence from which Fox could be found guilty of excessive speed on the basis of his own testimony. However, the extremely high rate of speed claimed by the former sheriff to have been admitted by Fox went strongly to the quality and degree of Fox's negligence, and we cannot resist the impression that the jury's allocation of sixty-two and one-half per cent of the negligence to Fox and only thirty-seven and one-half per cent to Kaminsky must have been on the basis of a finding of the extreme speed fixed by the admission to which he testified.

In view of this, the rejection of the testimony must be held prejudicial to Fox. It was testimony which tended substantially to support the conclusion, at least that Fox was not proceeding at any tremendous rate of speed, and might even have led the jury to conclude that Fox's speed which he himself had placed somewhere between forty and fifty-five miles per hour, was nearer to forty miles per hour than to the upper limits of his estimate. This would affect materially the percentages fixed.

We conclude, therefore, that the judgment in favor of Kaminsky and against Fox which adjudges that Kaminsky have and recover his diminished damages against Fox must be reversed.

Defendant Kaminsky grounds his appeal from the judgment in favor of Meta Fox upon the contention that Meta Fox and Lloyd Fox were engaged in a joint enterprise or in the alternative, that Meta Fox, being the sole owner of the vehicle, the presumption is that the driver was her agent and this presumption has never been rebutted. We cannot assent to this. The car was owned by Meta Fox, but her husband had the free use of it. He wanted to take a trip to check weather and lake conditions for the purpose of going duck hunting, an enterprise of his own. His mere offer to take his wife and son upon the trip does not bring the case within the doctrine

of *Archer v. Chicago, M., St. P. & P. R. Co.* 215 Wis. 509, 255 N. W. 67, or *Paine v. Chicago & N. W. R. Co.* 217 Wis. 601, 258 N. W. 846. These are cases where the husband and wife were joint owners and were going on a trip in which one was as much interested as another. Here, the duck-hunting interests of Lloyd Fox were alone responsible for making the trip. Fox had full control of the route, directions, and all details of the trip. He paid for the gas and made all arrangements. There was no prearrangement that Meta Fox go on the trip, and she accepted the invitation only because her work happened to be finished. It seems to us that this is a plain case of a person being a guest in her own automobile. In *Reiter v. Grober,* 173 Wis. 493, 181 N. W. 739, the driver had borrowed his father's car for a trip, and later invited his father to accompany him, it was held that the father was entitled to the standing of a guest, in spite of his ownership of the car. See also *Brubaker v. Iowa County,* 174 Wis. 574, 183 N. W. 690.

The same comment applies to the contentions with respect to the presumption of Lloyd Fox's agency for Meta Fox. The presumption was rebutted by the very testimony which demonstrates that this was not a joint enterprise. *Wilcott v. Ley,* 205 Wis. 155, 236 N. W. 593, and *Schmidt v. Leary,* 213 Wis. 587, 252 N. W. 151, are cited by defendant Kaminsky, but neither is in point because in each of those cases the person driving was clearly furthering the business or welfare of the person owning or jointly owning the car. It follows that there is no ground for reversing the judgment upon Kaminsky's appeal.

Under the rule of *Scharine v. Huebsch,* 203 Wis. 261, 234 N. W. 358, this is a proper case for split judgment in view of the fact that Meta Fox was not found negligent and that there was no error in entering a judgment in her favor. Hence, the reversal of the judgment in favor of Kaminsky upon Lloyd Fox's appeal does not require reversal of the

judgment in favor of Meta Fox. The latter, however, asks for a review upon the grounds that the damages assessed in her favor are inadequate. Plaintiff Meta Fox has no standing to ask for a review of the damages. The record shows that plaintiffs, Meta and Lloyd Fox, jointly moved to change the answers bearing upon the negligence, and percentages of negligence of Lloyd Fox, and for judgment on the verdict as so amended. In the alternative, there is a motion for a new trial, one of the grounds of which is the inadequacy of the damages awarded to Meta Fox.

Since the trial court entered judgment in favor of Meta Fox upon her own motion, and since she was not concerned with the denial of relief to Lloyd Fox, she is plainly within the rule that having received one of the forms of relief asked for, she cannot appeal from the judgment entered, although other alternative motions have been denied. Neither may she have the review requested here. *Treat v. Hiles,* 75 Wis. 265, 44 N. W. 1088; *Larson v. Hanson,* 207 Wis. 485, 242 N. W. 184; *Steneman v. Breyfogle,* 211 Wis. 5, 247 N. W. 337; *Marwalt Realty Co. v. Greene,* 224 Wis. 1, 271 N. W. 648; *Krudwig v. Koepke,* 227 Wis. 1, 277 N. W. 670; *Nygaard v. Wadhams Oil Co.* 231 Wis. 236, 284 N. W. 577; *Estate of Bryngelson,* 237 Wis. 7, 296 N. W. 63.

*By the Court.*—Judgment affirmed as to Meta Fox. Judgment affirmed in so far as it orders contribution between Lloyd Fox and Kaminsky. Judgment reversed in so far as it adjudges that Kaminsky have and recover from Fox damages in the sum of $1,375 and costs, and in so far as it dismisses the complaint of Lloyd Fox with costs, and cause remanded for a new trial of all issues under the pleadings between Kaminsky and Lloyd Fox, except that of contribution.