[Civ. No. 17627.   Second Dist., Div. One.   Nov. 29, 1950.]

BONNIE PERRINE et al., Respondents, v. FRED PAULOS et al., Appellants.

Jacob Paull for Appellants.

Jerrell Babb for Respondents.

DRAPEAU, J.—Two young women were evicted by defendants from a hotel in Los Angeles. Returning from work one evening, they found padlocks on their rooms. They could not get to any of their personal belongings or clothing. They could not find other accommodations, and had to sleep in their automobiles for three nights. Then on demand of their counsel they were permitted to again occupy their rooms.

The case was tried by the court, with judgment for plaintiffs for $500 each general damages; and $500 more each, exemplary damages.

Defendants argue that there was no relationship of landlord and tenant between the parties, that plaintiffs were merely lodgers; that the proof fails to establish that the manager of the hotel had authority to evict them; that, assuming the agent was so empowered, no exemplary damages can be imposed; that, in any event, exemplary damages may not be assessed, because the defendants believed they were acting in accordance with their rights; that plaintiffs failed to minimize their damages; that the complaint presented but one issue, breach of duty by a landlord to a tenant, and did not plead breach of duty by an innkeeper to a guest; and that it was error for the court to permit testimony as to statements of the manager of the hotel of her employment by one of the defendants.

While the complaint may not be a model of pleading, it states a cause of action predicated on the duty of an innkeeper to his guest. It alleges that defendants were owners of the hotel; that plaintiffs were tenants on a weekly basis; and that they were unlawfully evicted.

With reference to the question of evidence: Several witnesses testified that one of the defendants stated she owned the hotel, and that title to it was in the other defendant "for convenience." This testimony, together with the presence of the manager in the hotel, and the admitted fact that the manager padlocked plaintiffs' rooms, collected the rents, and took care of the place, was sufficient to support the judgment. No

prejudice to defendants is apparent from the admission of the questioned testimony.

All the rest of defendants' objections are disposed of by the record. Applying elementary rules on appeal relative to the effect and value of evidence, the evidence supports the findings of the trial court.

The evidence establishes without contradiction that defendants owned the hotel and that plaintiffs were guests.

■ At common law innkeepers were under a duty to furnish accommodations to all persons in the absence of some reasonable grounds. (*James* v. *Marinship Corp.*, 25 Cal.2d 721 [155 P.2d 329, 160 A.L.R. 900]; 10 Am.Jur. 914.) Sections 51 and 52 of the Civil Code declare the rule in this state.

■ Whether a person is a guest or a boarder at an inn is a question of fact to be determined from the evidence. (*Magee* v. *Pacific Improvement Co.*, 98 Cal. 678 [83 P. 772, 35 Am.St.Rep. 199].)

■ An innkeeper who refuses accommodations without just cause is not only liable in damages, but is guilty of a misdemeanor. (*Willis* v. *McMahon*, 89 Cal. 156 [26 P. 649]; Pen. Code, § 365; and see 14 Cal.Jur., article on Innkeepers.)

In such cases exemplary damages may be assessed. (*Piluso* v. *Spencer*, 36 Cal.App. 416 [172 P. 412]; *Butler* v. *Allen*, 73 Cal.App.2d 866 [167 P.2d 488].)

■ In this case no showing whatever was made by defendants in excuse or in justification of their treatment of plaintiffs. They just locked them out.

The judgment is affirmed, and the appeal from the order denying motion for a new trial is dismissed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied December 18, 1950, and appellants' petition for a hearing by the Supreme Court was denied January 25, 1951. Shenk, J., and Edmonds, J., voted for a hearing.