No. 23,467.

EMERSON-BRANTINGHAM IMPLEMENT COMPANY, *Appellee*, v. JAY BIDDLE AND FLORA B. BIDDLE, *Appellants*.

SYLLABUS BY THE COURT.

SALE—*Threshing Machine—Written Contract—Warranty—No Written Notice of Defects as Required by Warranty—No Waiver.* A threshing machine was sold under the terms of a written warranty, the material parts of which are set out in the opinion. The warranty required written notice of the defects within six days from the first day of the use of the threshing machine. Verbal notice given to the manager of a branch house of the machine company's business did not comply with the terms of the warranty, and the warranty was not waived by the company sending workmen to repair the machine, nor by the promises of such manager to make the machine satisfactory.

Appeal from Labette district court; ELMER C. CLARK, judge. Opinion filed January 7, 1922. Affirmed.

*Archie D. Neale*, of Chetopa, for the appellants.
*A. N. Gossett, E. C. Ellis, R. K. Dietrich*, and *F. E. Tyler*, all of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff sued on four promissory notes given by the defendants for a threshing machine. The defense was that the machine did not fulfill the warranty under which it was sold. A demurrer to the evidence of the defendants was sustained, judgment was rendered for the plaintiff, and the defendants appeal.

The machine was sold under a written contract, which contained the following provisions:

"The Company warrants the machinery ordered herein to be well made, of good material, and with proper use and management to do as good work as any other machine of the same size manufactured for a like purpose; but if inside of six days from the day of its first use, the said machinery fails to fill said warranty written notice shall be given the Company, at Rockford, Ill.,

by registered letter and also written notice to the local agent from whom the same was purchased, stating wherein it fails to fill the warranty, and if it be of such a nature that remedy cannot be suggested by letter, a reasonable time shall be allowed to get to the machinery to remedy the defects if any there be, and an opportunity for a trial thereafter, the purchaser rendering necessary and friendly assistance. . . .

"If upon receipt of such notice the Company or agent or employee, should act thereon and remedy, or attempt to remedy such imperfections the so doing of any or all such acts will not extend the liability of the Company under this warranty. . . . It is also agreed and understood that no agent or employee of the Company (officers of the Company not included) is authorized to alter, change, modify or waive this warranty, or any part thereof, or to make any other or different warranty; or that any notice to any agent or employee of the Company or any act at any time, of any agent or employee, shall not constitute a waiver of the written notices herein provided for, nor a waiver of any other stipulation in this warranty."

The material parts of the testimony of defendant Jay Biddle were as follows:

"In 1914 purchased thresher from plaintiff . . . in a few days after receipt of machine I attempted to use it; the machine ran for four or five days, when the 'beater,' blew up. I at once went to Kansas City and interviewed the company, plaintiff; I saw and talked to the manager of plaintiff, one Roth. I told him the conditions, and what had transpired with the machine. He told me the company would get me a new beater right away; he told me the company would have to get it from the factory, as they did not have it in stock. I received the new beater in about ten days and placed it on the machine. I then attempted to run the machine . . . but had trouble with the cylinder heads choking up with straw; that is between the cylinder frame head and the bottom that was on the machine between the rocker arm to the crank shaft were a single arm and the same way on top that drove the straw rocker; and I don't know how many of those things I broke; I bought rods and made five or six of these. . . .

"The 'beater' again blew up; I was standing over it at the time, and it was ten days before another beater was sent to me by the plaintiff. I notified the company from time to time that the separator was not doing the proper work. I went to Kansas City and talked with the manager of the plaintiff twice in the year 1914, about how the machine worked; talked with the manager, Mr. Roth, and with Mr. Sheeley and Mr. Horton. . . . The company told me to retain the separator and they would make it work. . . . I went to Kansas City and talked with Mr. Roth, the general manager of plaintiff, in the fall of 1915. At all my talks the manager asked me to go ahead with the machine and the company would take care of me and would make the machine do good work. . . . I was ready to pay the company when they made the machine do the work, but I did not propose to pay them until they did make the machine do the work; then in a few days the company sent me word that they would attend to the matter. . . . They never made the

Implement Co. v. Biddle.

separator work, and it never did work. . . . Talked with Mr. Roth, manager of the threshing department of the plaintiff and with Mr. Horton, one of the men in the company's place of business in Kansas City, frequently; each of them told me that they were going to make the separator good; they told me they were going to make that separator the best on the market."

The evidence showed that Mr. Biddle used the machine during each threshing season from the time he purchased it in 1914 until this action was commenced in 1919, although it was shown that the machine never worked satisfactorily. The evidence did not show that any written notice was given at any time, as provided in the contract. It was not shown that the manager of the business at Kansas City was an officer of the company who, under the terms of the warranty, might have waived the written notice required thereby.

The defendants cite *Machine Co. v. Mann,* 42 Kan. 372, 22 Pac. 417. Apparently that case supports their contention, but an examination of the warranty set out in the opinion in the Mann case reveals that the notice was not required to be in writing and that there were no restrictions on the authority of agents or employees to make changes in the warranty, nor to waive notice.

This case is controlled by *Furneaux v. Esterly & Son,* 36 Kan. 539, 13 Pac. 824, and *Aultman v. Wier,* 67 Kan. 674, 74 Pac. 227. In the latter case the threshing machine was sold under a warranty in substance the same as the one in the present action. No written notice was given. A verdict and judgment for the defendants was reversed.

The terms imposed by the written warranty were not complied with, and the defendants must pay.

The judgment is affirmed.

WEST, J., dissents.