No. 27,782.

THE ADVANCE-RUMLEY THRESHER COMPANY, *Appellee*, v. JOHN
STOOPS, *Appellant*.

(262 Pac. 604.)

### SYLLABUS BY THE COURT.

SALES—*Warranties—Notice of Defects to Seller—Validity of Stipulation Against
Waiver of Notice.* A tractor was sold under a written warranty that it was
well made, of good material, and with proper use capable of doing as good
work as any other machine of the same kind, size, rated capacity, working
under like conditions. The warranty provided that notice of defects
should be sent by registered mail to the seller at its head office within four
days after the discovery of a defect, and provided that if the seller failed
to remedy the defect within a reasonable time after the receipt of such
notice the purchaser should have the right to return the tractor. The
warranty further provided that any attempt by the seller or its representa-
tives to remedy any defect should not constitute a waiver of any provision
of the warranty. A defect was discovered, but the purchaser did not mail
to the seller a notice of the defects within four days after its discovery,
but waited approximately twenty days before giving such notice. The
seller, after receiving the notice, sent workmen to repair the defect, but failed
to remedy it. *Held,* that the efforts of the seller to remedy the defect in
the tractor did not waive the failure to give notice within the time required
by the warranty.

Appeal from Pratt district court; GEORGE L. HAY, judge. Opinion filed
January 7, 1928. Affirmed.

*W. B. Hess,* of Pratt, for the appellant.

*Chester I. Long, J. D. Houston, Austin M. Cowan, Claude I. Depew, James
G. Norton, W. E. Stanley,* all of Wichita, *George Barrett* and *William Bar-
rett,* both of Pratt, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is an action on three promissory notes given
by the defendant to the plaintiff for a tractor. The defense was
that the tractor had been sold under a written warranty which had
failed. Judgment was rendered on the pleadings in favor of the
plaintiff against the defendant, who appeals.

The petition set out three promissory notes of $500 each, one due
on September 1, 1925, one due on September 1, 1926, and one due
on September 1, 1927. The petition alleged that each note provided

Sales, 35 Cyc. p. 427 n. 7; 1 L. R. A. n. s. 142; 24 R. C. L. 247.

that it should "become due at the option of the holder upon default in full payment at maturity of any of said three notes, and also for default in any condition of said chattel mortgage." The mortgage provided that "if the mortgagee . . . shall deem themselves insecure . . . the whole amount herein secured shall, at the option of the payee, immediately thereafter be and become due and payable." The petition also alleged that each note had been declared due and payable; and that payment of the notes had been demanded and refused.

The answer alleged:

"That at the time of the purchase of said tractor, said agent promised and agreed that when the tractor was received by defendant he would be present and assist in starting the operation of the tractor. That when the tractor was received defendant advised said agent and requested that he be present when the tractor was put into operation, to which said agent agreed, but that he failed to be present and failed to investigate the operation of the said tractor when said tractor was received and put into operation. Defendant started the operation of the tractor by attaching it to a combine harvesting machine, · which is light work for that size tractor. The tractor immediately developed a serious knock and failed to develop sufficient power that such size tractor should have, and defendant immediately complained verbally to said agent about such defect, and said agent promised and agreed to visit the farm of defendant where the tractor was and to investigate and cure such defects, but such agent failed so to do. Thereafter, a number of times, the defendant verbally informed said agent of such defects and requested the agent to remedy them and to fix said tractor in a proper and workable condition, but said agent failed to visit said tractor or to pay any attention to defendant's requests. On the second day of July, 1925, the defendant attached said tractor to a four-bottom plow, which is a heavier load than a combine harvesting machine, but such a load the tractor in question should easily pull. The knock in the engine then was very much more pronounced, and it failed to develop the power for which it was intended. Defendant then verbally complained to said agent again about such defects. On the said second day of July, 1925, said agent and plaintiff's agent from Wichita, Kan., came out to defendant's farm, and on looking over the tractor advised the defendant to put in new spark plugs and represented that this would cure the defects, and they promised to return and see how it worked. New spark plugs were put in, but they did not remedy or cure the defects complained of in the tractor, and said agent, Loren Chitwood, and plaintiff's agent from Wichita failed to return as they had promised and agreed.

"Defendant endeavored to use the tractor for a number of days, but could not do efficient work. On the 6th day of July, 1925, defendant notified plaintiff in writing of the defects that appeared in the tractor, and on or about the 12th day of July, 1925, the said agent, Loren Chitwood, and an agent of plaintiff's from Wichita, took down the tractor and made some adjustments

and repairs, and then they said the tractor was all right, but said defects were not cured and after one day's work the knock became as bad as ever and to such a pronounced extent that it appeared dangerous to keep working the tractor, and that it failed to develop sufficient power.

"A copy of said letter, marked 'Exhibit A,' is hereto attached and made a part hereof."

The letter marked "Exhibit A" contained the following language:

"About the middle of June John Stoops purchased, through Loren Chitwood, your agent in this territory, a 20-35 Oil Pull tractor. He started into his harvest with it which is light work, but it knocked considerably and two or three days after he started out, he complained to your agent about the knock. He promised to come out and investigate it but failed to do so."

Other correspondence between the plaintiff and the defendant followed, and on July 18, 1925, the plaintiff wrote to the attorney for the defendant who had conducted the correspondence for him as follows:

"We received your letter of the 14th inst. making further complaint on the 20-35 oil tractor delivered to Mr. Stoops on the above order on June 10, 1925, and wired our Wichita manager to give this matter his immediate personal attention."

The order signed by the defendant for the tractor contained the warranties on which it was sold. The order was in part as follows:

"Said machinery is warranted to be well made and of good material and with proper use capable of doing as good work as any other machine of the same kind, size, rated capacity, working under like conditions, but any machine or part thereof not manufactured for or by vendor or which is secondhand, rebuilt or repaired, is not warranted, by statute or otherwise.

"Purchaser shall not be entitled to rely upon any breach of above warranty or to rescind this contract or to any claim or setoff against the vendor because of any breach unless; (a) notice of the defect or breach particularly describing the same, and specifying the time of the discovery of the same, is given by registered letter addressed to vendor at its head office, posted within four days after such discovery; (b) such defect or breach appears within ten days after the first use of the goods; (c) the vendor fails to remedy the defect or breach by substitution of parts or otherwise within a reasonable time after receipt of such notice, which substitution it shall have the right to make. Purchaser shall render necessary and friendly assistance to vendor in and about remedying the defect. If vendor fails to remedy the defect purchaser shall have the right immediately to return the defective goods or parts in as good condition as when received by him to the place from which they were received, and shall thereupon give vendor immediate written notice of such return by registered letter addressed and mailed to vendor at its head office. Thereupon the money paid and security given by purchaser on account of the purchase price of the goods returned shall be promptly returned by vendor, and vendor

Advance-Rumley Co. v. Stoops.

shall be released from all further claim. Failure to so return the goods or to give the aforesaid notices shall be taken as conclusive evidence that the warranty is satisfied. When at the request of the purchaser some person is sent to remedy or repair machinery and the same is found to have been carelessly or improperly handled, the expense incurred by vendor in putting it in working order shall be paid by the purchaser. No attempt by vendor or its representatives to remedy any defects shall constitute a waiver of any of the provisions hereof, and if a mechanical expert visits the machine and does not leave it working properly, purchaser shall give immediate notice in writing or by prepaid telegram to vendor at its head office, stating specifically the failure or neglect complained of.

"There are no representations, warranties or conditions express or implied, statutory or otherwise, except those herein contained, and no agreement collateral hereto shall be binding upon either party unless in writing hereon or attached hereto signed by purchaser and accepted by vendor at its head office."

"(Printed along margin: 'Purchaser acknowledges receipt of copy hereof and that this order contains all agreements and representations connected with this purchase and sale.')"

The answer alleged that the tractor was purchased on June 10, 1925, and implied, but did not directly allege, that it was immediately put into operation by attaching it to a combine harvesting machine. The answer alleged that when the tractor was used, it immediately developed a serious knock and failed to develop sufficient power; that after testing it on the combine harvesting machine, the tractor was attached to a four-bottom plow, when the knock became more pronounced and sufficient power was not developed; and that on July 6, 1925, the defendant in writing notified the plaintiff of the defect in the tractor. The answer virtually disclosed that no written notice was given to the plaintiff within four days after the discovery of the defect. The plaintiff in its brief says:

"The appellant first used this machinery June 10, 1925, on a combined harvester and thresher which he says is a light load for such a tractor and is lighter work than plowing."

The defendant in his brief says:

"It [the tractor] was tried out on a combine harvester-thresher about June 10, 1925."

There is no dispute about the time when the tractor was first used by the defendant, nor when the first written notice was sent to the plaintiff at its head office.

Three conditions of the warranty are involved: Notice of the

defect must be given within four days after its discovery, such defect must appear within ten days after the first use of the tractor, and the notice must specify the time of the discovery of the defect. Those conditions were not complied with by the defendant because written notice of the defect in the tractor was not mailed to the plaintiff at its head office until July 6, 1925, twenty-six days after the discovery of the defect. The defendant argues that his failure to send notice as required in the warranty was waived by the plaintiff by its sending workmen to repair the defect in the tractor and make it work.

The order for the tractor should be again examined. After reciting the conditions of the warranty, the order says:

"If vendor fails to remedy the defect purchaser shall have the right immediately to return the defective goods or parts in as good condition as when received."

It also provides that—

"No attempt by vendor or its representatives to remedy any defects shall constitute a waiver of any of the provisions hereof."

The order contemplates that the plaintiff, the seller of the tractor, will make an effort to repair it if on the purchaser's testing it it is found to be defective, and provides that an attempt to remedy the defect shall not constitute a waiver of the required notice. Those were valid provisions of the order when it was made, and continued to be valid provisions of it binding on both the plaintiff and the defendant until the completion of the transaction, or until other terms were agreed on. No other terms are alleged in the answer. The defendant relies on the warranty with which he did not comply, and relies on a waiver of the conditions of a warranty when the order specifically says that the acts which the defendant contends waived the warranty shall not constitute a waiver.

We quote from 35 Cyc. 427 as follows:

"Want of or defects in the notice required by the contract may be waived by the seller, by a request that the buyer shall give the article an additional trial or test, or by a promise to remedy all defects; and a delay in giving notice is waived if it is caused by the efforts of the seller or his agent to make the machine work properly. If the seller or his authorized agent acts on the notice received and undertakes to remedy the defects it is a waiver of the objection that the notice was not in the proper form, or was not given in time. The theory of the cases is that as the notice is for the benefit of the seller, if he acts on it he waives any objection thereto."

The weight of authority supports the rule stated by 35 Cyc., but

there is authority to the contrary, among which is a decision of this court, *Implement Co. v. Biddle,* 110 Kan. 365, where this court said:

"A threshing machine was sold under the terms of a written warranty, the material parts of which are set out in the opinion. The warranty required written notice of the defects within six days from the first day of the use of the threshing machine. Verbal notice given to the manager of a branch house of the machine company's business did not comply with the terms of the warranty, and the warranty was not waived by the company sending workmen to repair the machine, nor by the promises of such manager to make the machine satisfactory." (Syl.)

In *Implement Co. v. Biddle,* supra, the written contract under which the threshing machine was sold contained warranties with conditions substantially the same as the warranty and conditions contained in the order under which the tractor in the present action was sold.

In *Silo Co. v. Carter,* 98 Kan. 279, in an action to recover the purchase price of a silo sold to the defendant, this court said:

"In the contract the buyer agreed that if upon receipt of the silo any parts were found to be defective or missing he would at once notify the seller in writing and give him reasonable time to replace the parts and that when such replacements were made the seller's responsibility would cease. The buyer did not give the seller written notice of the defects until January 18 following the delivery, nor was any notice given except to the local agent who made the sale. After the notice was given the seller entered into negotiations with the buyer in regard to remedying the defects and expressed a willingness to supply what was lacking and defective. *Held,* that the delay of the buyer in giving the written notice was waived by the seller." (Syl. ¶ 3.)

In *Silo Co. v. Carter,* supra, the silo was ordered August 1; it could have been shipped August 5; it was delivered September 20; and the seller was notified on January 18, four months after the silo arrived. The order which constituted the contract for the sale of the silo did not contain any express warranty of any kind. It did contain the following:

"If upon receipt of silo, any part or parts are found defective or missing, I will at once notify the Western Silo Company in writing and give them reasonable time to replace all such parts, and at such time as such replacements are made their responsibility ceases."

*Implement Co. v. Biddle,* supra, and *Silo Co. v. Carter,* supra, do not conflict with each other.

There was no error in rendering judgment in favor of the plaintiff on the pleadings.

The judgment is affirmed.