No. 27,999.

THE MASSEY-HARRIS HARVESTER COMPANY, *Appellee,* v. JAMES L. BURNETT, *Appellant.*

(268 Pac. 740.)

Opinion filed July 7, 1928.

*William H. Burnett,* of Amarillo, Tex., for the appellant.

*J. S. Simmons, Alva L. Fenn* and *Max Wyman,* all of Hutchinson, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by the seller of a reaper-thresher to recover from the purchaser the price of the machine. Judgment was rendered for plaintiff on the pleadings; and defendant appeals.

The machine was sold under a contract reserving title, and notes were given as evidence of indebtedness for the price. The contract was dated June 15, 1926. The note due July 15, 1926, was not paid, and the default matured notes given for the remainder of the price. The contract contained a warranty that the machine was capable of doing good work, and plainly stated the following conditions:

"If upon starting, said machinery shall fail in any material respect to fulfill the warranty, the purchaser having followed the printed instructions, rules, and hints of the vendor, written notice by registered letter shall at once and within six days from the date of its first use, be given by the purchaser to the vendor at its branch office, the address of which is given on the back hereof, stating specifically wherein said machinery fails to fill the warranty. If a remedy cannot be suggested by letter, reasonable time must be allowed the vendor to send one of its representatives to remedy the defect, the purchaser agreeing to provide every facility for favorable operation and to render all friendly assistance necessary to make the machinery a practical success. If such representative shall fail to make the machinery fulfill the warranty, the purchaser agrees to give immediate notice by registered letter or prepaid telegram to the

vendor at said branch office, stating specifically all complaints, and allow it ample time in which to send an expert to the machinery.

"If any separate machine or attachment cannot thus be made to fulfill the warranty, that which fails shall be returned immediately by the purchaser to the railroad station where it was received, the vendor having the option of replacing said separate machine or attachments with another, or of returning the proportion of money or notes that may have been given for the same, and thereby rescinding the contract *pro tanto* or in whole as the case may be, and be released from any and all liability. Failure on the part of the purchaser to give vendor notice within six days specifically, as provided for herein, or use of the machinery after the six-day limit without having given notice as specified herein, or failure to return the machinery as stipulated, shall be deemed a fulfillment of said warranty and evidence of full satisfaction by the undersigned, they thereby waiving all claims whatsoever against the vendor. . . .

"Any assistance rendered by any local dealer, branch manager, traveling salesman, expert or other employee, after the foregoing warranty has been thus waived or fulfilled, shall not operate as an extension or revival of said warranty."

The defense was breach of warranty. It was alleged the motor failed to develop sufficient power, and as a consequence the machine did not work properly. The consequences of the defect were discovered within four or five days after defendant commenced to operate the machine. Noncompliance with the condition requiring notice within six days was admitted by the answer, and the following excuse for failure to give the notice was tendered:

"Further complying, this defendant states that when he gave his order for said machine to the agents of plaintiff, he requested plaintiff's agents to give this defendant a copy of the order or contract of purchase; that plaintiff's agents advised that said order or contract of purchase would have to be sent to some office of plaintiff in order to be approved by plaintiff, and that a copy of said contract would be mailed to this defendant; that this defendant has never at any time received a copy of said contract signed by plaintiff; and more than six days after this defendant began the operation of said machine this defendant called at the office of the plaintiff at Hutchinson, Kansas, and requested that he be given his copy of said contract; that plaintiff refused to give him his copy of contract, but gave him a blank form upon which its contents are generally drawn. . . .

"That by reason of the defendant not having had a copy of the contract in which this defendant ordered said machine, he did not know that said contract required this defendant to give a notice in writing to the plaintiff by registered mail within six days after he began its operation. . . ."

It was not alleged that the contract was signed in duplicate and defendant's copy was wrongfully withheld. Authority of plaintiff's agent to bind the company to furnish a copy of the contract was not

pleaded. The representation of plaintiff's agent that a copy would be mailed had nothing to do with the terms of the contract itself, which contained the following provision:

"It is understood and agreed that no local dealer, branch house manager, traveling salesman, or other employee, has any authority to bind the vendor by any other or different agreement or representation of the goods herein ordered, purchased and sold than such as are contained herein, and that this writing contains all of the warranties and agreements of the parties hereto relative to the subject matter herein. The purchaser hereby acknowledges having read and accepted this contract at the time of signing the same."

The result is, defendant is not permitted to deny knowledge of the terms of the contract, and the pleaded excuse for failure to give notice was nugatory.

Defendant pleaded that plaintiff waived the registered mail notice to be given within six days by sending experts to work on the machine in response to information given by defendant that it was not properly doing its work. Defendant also pleaded waiver of the registered letter or telegram notice that the experts had failed to remedy the defect in the machine, in that defendant went to plaintiff's office in Hutchinson and requested plaintiff to put a motor on the machine which would develop sufficient power to operate it properly. The contract notices were not waived. (*Advance-Rumley Co. v. Stoops,* 125 Kan. 16, 262 Pac. 604, and cases reviewed in the opinion.)

The brief for defendant enlarges upon the answer. It is said the conditions of the contract could not apply because the defect in the machine was not discovered in time to give notice within six days after the machine was started. There is nothing of this in the shifty answer, which suppressed the date the machine was started, the date the defects were discovered, the date plaintiff was informed of the defect, the date the experts worked on the machine, the date defendant requested a new motor, the date a copy of the contract was requested, and the date defendant undertook to rescind.

The brief further enlarged on the answer by calling attention to the fact that the branch office to which registered letters might be sent was not designated on the back of the contract. No defense was predicated on the omission, it was not referred to in the answer, and what the brief has to say about it is pure afterthought.

In deciding the case on the pleadings, the reply could not be considered, because under the code it stood as denied. The reply, however, set up two letters written by defendant to plaintiff, dated

July 10. In the first letter defendant fixed the date he received the machine as on or about June 18, and refers to July 5 as a date plaintiff sent out mechanics to remedy defects. The letter also notified plaintiff that defendant rescinded the contract of purchase, and on an early date would return the machine. The second letter reads as follows:

"HUTCHINSON, KAN., July 10, 1926.
*"The Massey-Harris Harvester Co., Branch Office, Hutchinson, Kan.:*
"GENTLEMEN—Please be advised that by worrying along with your machine, I have been able to harvest approximately 500 acres of wheat.

"I want to be absolutely fair in this matter, and I am willing to make a settlement with you upon a fair basis for the use of the machinery, notwithstanding the loss I have realized by reason of the fact that the machine did not go out and do business in a workmanlike manner.

"Please govern yourselves accordingly.

"Very truly yours, (Signed) J. L. BURNETT."

These letters are not referred to in defendant's brief. If they were genuine, the familiar ruse of returning a machine after harvest is over is strongly suggested.

The judgment of the district court is affirmed.