No. 34,553

THE OLIVER FARM EQUIPMENT SALES COMPANY, *Appellee,* v.
EMMETT P. LYNCH and ED M. LYNCH, *Appellants.*

(98 P. 2d 95)

Opinion filed January 27, 1940.

*Raymond E. Smith,* of Marysville, and *J. Glenn Logan,* of Topeka, for the appellants.

*Walter T. Griffin,* of Marysville, *Oscar D. McCollum* and *Clement H. Ewald,* both of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

THIELE, J.: Defendants appeal from a judgment rendered against them on the pleadings.

The petition alleged the execution of two promissory notes, and. that default had been made and asked for judgment. Defendants filed an answer, and in response to a motion filed a supplemental and amended answer. The answer admitted execution of the notes, but denied liability thereon, alleging that the notes were given in connection with the sale and purchase of a certain combine, and that the sale was procured by fraud in that it was represented the machine was in good condition and would perform the work for which it was intended as well as or better than any other make of machinery of the same size, and that the machine was made of good materials, and if the machine was not what it was supposed to be plaintiff would either replace it or make necessary repairs, and that relying on such representations defendants executed and delivered the notes sued on. That when the notes were signed, plaintiff issued a warranty to defendants and when defendants found out the machine was defective they immediately complied with the warranty and notified plaintiff, and that plaintiff had not done anything to comply with the warranty and agreement. It was further alleged the machine was defective, in an unworkable condition and made of poor material, and they had offered and still offer to return it to plaintiff. In their amended and supplemental answer defendants stated the representations about the machine were oral, but that the warranty was in writing. There was also allegation of claimed defects in the construction and operation of the machine. It was also alleged that defendants had complained to claimed agents of plaintiff of alleged defects. Attached to the supplemental and amended answer was the order for the machine. It specifically stated the machine was sold "under the warranty appearing on the back hereof, and no other." The warranty was that the machine, if properly used and operated, would perform the work for which it was intended as well as or better than any other make of machine of the same size; that the buyers should not be entitled to rely upon any breach of the above warranty or to rescind the contract "unless within five (5) days from the first use thereof, for any purpose, the buyer shall . . . have given written notice by registered letter to" plaintiff at specified addresses "stating wherein such machinery fails to fill

such warranty." It was further stated in the warranty that any assistance rendered after the foregoing warranty had been waived or fulfilled should not operate as an extension or revival of the warranty, and that variance by the purchaser from any of its provisions should be an unqualified waiver of any warranty, and that it was fully understood and agreed to by the buyer that the warranty provided was in lieu of all other warranties express or implied.

Plaintiff filed its motion for judgment on the pleadings, and when that motion came on for hearing one of the grounds urged as to why it should be sustained was that defendants had waived the warranty by their failure to give the requisite five days' notice by registered mail. Counsel for defendants stated he had learned some additional facts and requested time to file an amended answer. In a colloquy with the trial court as to what further defendants could plead, it developed the defendants were present in court, and a recess was had so that counsel for defendants could confer with them. Thereafter counsel informed the court there was no notification as required by the warranty and that he didn't believe there was anything they could plead. Thereafter the court asked counsel for defendants: "Are you satisfied that the motion is good?" and counsel replied: "I am." And the court then rendered judgment for plaintiffs. The journal entry of judgment recites, in part:

"And thereupon, upon defendants requesting ten days' time in which to file an amended answer, the court inquires as to their defense and, after consultation the defendants' answer to the court that they cannot plead a good defense to plaintiff's cause of action."

And that the request for additional time to answer was denied and plaintiff's motion was sustained, and judgment rendered as prayed for in plaintiff's petition.

Thereafter the trial court entertained a motion for a new trial, reviewed the proceedings and denied the motion. This appeal followed, the sole question presented being whether the trial court erred in sustaining the motion for judgment.

Appellants' contention may be summarized that such a motion is equivalent to a demurrer; that treating it as a demurrer a most liberal construction is to be given the answer and the supplemental and amended answer, and so construed the defendants' pleadings, taken together, plead a defense of fraud, breach of the express warranty and breach of an implied warranty. So far as the record goes, there is no showing whatever that such contentions were presented

to the trial court. There the issue was squarely presented whether there had been breach of the express warranty by defendants' failure to give the requisite notification; there was a definite statement it had not been given, and in response to a definite question, defendants' counsel stated to the court he was satisfied the plaintiff's motion was good. In the briefs we find some discussion whether the judgment was by confession or by consent. It was neither. It was more nearly akin to a judgment by default, for in effect the defendants admitted their answer and supplemental answer stated no defense. Under the circumstances, the defendants invited the trial court's ruling and judgment and they may not complain.

For the reason the record is barren of any showing the trial court's attention was directed to the matters now urged on us as being erroneous, we shall not discuss appellants' several contentions at length. We have, however, examined them and conclude there is nothing in them that would warrant a conclusion the answer stated a defense. Similar provisions as to giving notice of defects and nonwaiver were upheld in *Advance-Rumely Co. v. Stoops*, 125 Kan. 16, 262 Pac. 604, and *Massey-Harris Harvester Co. v. Burnett*, 126 Kan. 453, 268 Pac. 740. The terms of the warranty expressly excluded any implied warranty, and cases cited dealing with implied warranties are not in point.

The judgment of the trial court is affirmed.