No. 29,624.

FRANK W. EMERY, *Appellant*, v. THE RIVERSIDE DRAINAGE DISTRICT, *Appellee*.

(294 Pac. 888.)

Opinion filed January 10, 1931.

*F. Dumont Smith, Eustace Smith* and *Arthur T. Symns,* all of Hutchinson, for the appellant.

*Jean Madalene,* of Wichita, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is a controversy between Dr. Frank W. Emery, a landowner, and the Riverside Drainage District as to the value of land condemned and appropriated for drainage purposes. The judgment was in favor of plaintiff to the amount of $20. The jury found that the land of plaintiff was subject to overflow before the dike was erected; that in the construction of the dike plaintiff received direct, special and proximate benefits that other members and landowners in the district did not receive, and that these special

benefits consisted in the fact that plaintiff had a larger area of his land protected from flood water. After the findings were returned plaintiff moved the court to render judgment in his favor on the special findings, evidence and general verdict, and judgment was entered for plaintiff in the sum of $20, the actual value of the land taken as found by the jury. Upon the ground that plaintiff was given the judgment asked for, the defendant asks that the appeal be dismissed, contending that a party who procures an entry of a judgment or order is estopped to assert on appeal that it is erroneous; that what a party expressly asks the court to do, when done, cannot be available as error even though it be erroneous. Plaintiff also filed a motion for a new trial, and among the grounds alleged were that erroneous instructions were given, error in the submission of special questions, and the refusal of questions requested; that the findings are inconsistent with each other and with the general verdict, and that a number of the findings are contrary to the evidence and the law, and that the findings and verdict show passion and prejudice of the jury. The motion was overruled, and plaintiff appeals.

It is not open to dispute that there is evidence to support the findings as to values, and also as to the benefits received by plaintiff by reason of the improvement. After a statement of the facts the plaintiff states that "the whole case turned on mistaken instructions of the court which confused the jury. In other words, if the court had correctly instructed the jury as to the true measure of damages the jury undoubtedly would have found a different verdict." In view of this statement we turn to the instructions and note that a criticism is made of the sixteenth instruction, which reads:

"You are further instructed that, in determining the amount of plaintiff's recovery, the proper basis of damage is the value of the tract actually taken, and the difference in value of the remainder of the tract immediately before and after the taking, and, in this connection, you are instructed that, in determining the value of the tract taken and the difference in value of the remainder of the tract before and after the taking, you are to consider all the capabilities of the property and its most advantageous uses as it is actually situated."

The mistake in this instruction, plaintiff says, was in taking as the measure of damages the difference between the value of the land just before the taking and the value immediately after the taking.

It is contended that the jury should have been told that it was the difference between the value before the taking and immediately after the dike was completed. The instruction given stated the standard rule applied in condemnation cases and it appears to have been applicable to the present case. Nothing is shown as to the difference between the time of appropriation and the completion of the improvement, and no reason is seen why the jury could have been misled by the instruction.

Another instruction criticized is the one relating to benefits received by the plaintiff by reason of the building of the dike. It reads:

"You are further instructed that all benefits that are the direct and special result of the embankment; that is, those that will increase the actual and usable value of the land, as well as the market and salable value thereof, are proper subjects for the jury to take into consideration in arriving at a proper conclusion as to what amount should be allowed the plaintiff, if any."

As to this the complaint is that the jury were permitted to take into consideration general benefits in common with all other owners. We think it is not open to that interpretation, but was plainly confined to direct and special benefits.

In another instruction given by the court, number 4, the court told the jury that the benefits must be those "peculiar to plaintiff's land and not common to lands generally affected by the improvement."

In another instruction, number 12, the jury were advised that such benefits should be considered "as are direct and special as to him and his land and such as are the direct, certain and proximate result of the building of the embankment; that is, not such as are received by him in common with the whole district."

In one of the instructions requested by plaintiff almost similar language as to benefits was employed; that is, "special and direct benefits to the plaintiff's land and not in common with other members of the drainage district."

The claim of error in the instructions of the court cannot be sustained.

Neither do we find any error in the failure to submit the special questions asked by plaintiff. The questions submitted by the court fairly cover those requested so far as they were material and appropriate and some of them were almost in the language of the requests

made by plaintiff. As already said, there is testimony in the record supporting the findings of which complaint is made, and no reason is seen for holding the findings to be inconsistent with each other or with the judgment rendered.

The claim made by defendant for the dismissal of the appeal has been passed over because of some confusion in the record as to plaintiff's motion for judgment on the special findings and evidence. The general rule is that if a party asks and obtains an order or judgment, and is granted the relief he asks, he is estopped to assert error upon the ruling although there may be error in it. (4 C. J. 710; Elliott on Appellate Procedure, 627-630.) The judgment rendered is substantially that set forth in the motion of plaintiff; that is, judgment was given in his favor "upon the evidence and special findings of the jury." He was given judgment for $20 and the costs of the action. It may be that plaintiff does not regard the judgment rendered to be in his favor, and expected that a larger amount would be awarded. He made other motions asking that certain findings be set aside, and for a new trial. It does not appear which motion had precedence in point of time in presentation and decision by the court. The motion for judgment on the evidence and special findings was overruled and the court in its journal entry, which recites the various steps in the case, appears to have treated that motion as one for judgment notwithstanding the general verdict and special findings.

We therefore conclude to dispose of the case on its merits rather than on the motion to dismiss, and on this consideration the judgment is affirmed.