No. 38,908

LESTER L. HAWKINS, *Appellee*, v. T. B. WILSON, *Appellant*.

(257 P. 2d 1110)

Opinion filed June 6, 1953.

*C. C. Stewart,* of Lawrence, argued the cause, and *James S. Lester,* of Oskaloosa, was with him on the briefs for the appellant.

*Edward Rooney* and *David Prager,* both of Topeka, argued the cause, and *Jacob A. Dickinson, Sam A. Crow,* and *William W. Dimmitt, Jr.,* all of Topeka, were with them on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This was an action to recover damages for personal injuries alleged to have been sustained as the result of the failure of an employer to furnish safe and proper tools and equipment for the use of his employee. The plaintiff prevailed and the defendant appeals.

The pleadings are not involved and, except to say that they join issues on questions respecting responsibility of the parties for the accident in question, require no further attention in this opinion.

After a trial the jury returned a general verdict in favor of the plaintiff for $19,840 together with answers to special questions, all of which were accepted and approved by the trial court which rendered judgment against defendant for the amount of the verdict and costs on March 14, 1952.

Following the return of the verdict and rendition of judgment defendant filed motions to set aside the answers to special questions; to set aside the general verdict; for judgment *non obstante veredicto;* for judgment on the answers to special questions; and a motion for new trial. Thereafter, and more than three days after rendition of

the verdict and judgment, he filed an amendment to the motion for a new trial on the ground of newly discovered evidence. Plaintiff moved to strike this amendment and after argument his motion was sustained on the premise that under the statute ( G. S. 1949, 60-3003) an amendment after time could be allowed only after convincing evidence had been submitted, that the defendant could by ordinary means available, or by reasonable diligence, learn of the additional grounds before the expiration of the statutory time, and that no such evidence had been submitted.

On May 9, 1952, the four motions first above referred to and the motion for a new trial came on for hearing and after being argued, were taken under advisement for decision. Thereupon, defendant gave notice, which was served on attorneys for the plaintiff on May 9, 1952, that he appealed from orders of the trial court overruling his demurrer to the evidence; striking his amendment to the motion for a new trial from the files; and from the judgment rendered by the trial court as of that date. On the same day, namely, May 9, 1952, defendant filed what he denominated a "Motion To Reduce Verdict" which, omitting allegations of no consequence and emphasizing those deemed important, read:

"Comes now the defendant, T. B. Wilson, . . ., and shows to the court that the verdict and judgment heretofore entered herein, in the sum of $19,-840.00, with costs, *and in the event* defendant's Motion for New Trial, Motion to Set Aside General Verdict of Jury, Motion for Judgment Notwithstanding Verdict and Motion for Judgment for Defendant on the Answers to Special Questions Submitted to the Jury herein, *be overruled* by the court, *that the court*, with the consent of plaintiff *reduce the verdict* by such part as is not warranted by the evidence *and render judgment for the residue, or grant a new trial."*

On June 2, 1952, the trial court overruled the four motions relating to the verdict and special questions, to which we have heretofore referred, and with respect to the motion for a new trial made the following order:

"It Is Further By the Court Ordered, Adjudged and Decreed: that defendant's Motion for a New Trial will be sustained unless plaintiff accepts a remittitur in the amount of $6,000.00 and files such acceptance with the clerk of the court within ten days from June 2, 1952, and that if plaintiff so accepts, judgment shall be entered in favor of plaintiff in the amount of $13,840.00 and costs, and if plaintiff fails to so accept, a new trial is ordered on all issues."

The record, as evidenced by a journal entry to which is affixed the signature of the district judge, further disclosed that three days

after making the above quoted order the trial court took action and rendered judgment as follows:

"AND Now, on this 5th day of June, 1952, it appearing to the court that the plaintiff has filed herein his acceptance of remittitur in said cause in the amount of $6,000.00, IT IS ORDERED AND DECREED that judgment should be entered in favor of plaintiff in the amount of $13,840.00 and costs, and that motion of defendant for a new trial be and the same is hereby overruled."

It also reveals that some five days later defendant gave a supplemental notice of appeal in which he stated he was appealing from the orders made on June 2, 1952, overruling his motions relating to the verdict and special questions, as well as from the orders and ruling mentioned in his notice of appeal dated May 9, 1952, and from the order of the court entered as of June 5, 1952, overruling his motion for a new trial.

The specifications of error on which appellant relies as grounds for reversal of the judgment are quite numerous but there is no occasion, at least for the moment, to detail them or discuss the merits of contentions advanced respecting them because we are confronted with appellee's motion to dismiss the appeal which is entitled to first consideration and if sustained will do away with all necessity for their consideration in disposing of the cause. This motion is predicated upon the premise that appellant voluntarily requested, consented to and acquiesced in the judgment of the district court and therefore cannot now maintain the instant appeal. In its support appellee directs our attention to the motion to reduce the verdict and points out that after it was filed the trial court did the very thing appellee invited and requested it to do, i.e., reduced the verdict, rendered judgment for the residue and then overruled the motion for a new trial.

Before disposing of this motion on its merits it would seem advisable to have in mind well established rules of this court dealing with situations where parties, by their own conduct and action, are held to be precluded from maintaining an appeal.

One of such rules, repeated so often that it has become the settled law of this jurisdiction, is that anything that savors of acquiescence in a judgment cuts off the right of appellate review. (See, e. g., *Paulsen v. McCormack,* 133 Kan. 523, 526, 1 P. 2d 259; *Anderson v. Carder,* 159 Kan. 1, 5, 150 P. 2d 754; *Sisk v. Edmonston,* 163 Kan. 394, 182 P. 2d 891; *Newsome v. Anderson,* 164 Kan. 132, 187 P. 2d 495; *Cohen v. Dresie,* 174 Kan. 391, 256 P. 2d 845.)

In *Harmon v. James,* 146 Kan. 205, 69 P. 2d 690, we said:

"The general rule is stated in 4 C. J. S., (Appeal & Error), 396 (§ 212), as follows:

" 'A party who voluntarily acquiesces in, ratifies, or recognizes the validity of, a judgment, order, or decree against him, or otherwise takes a position which is inconsistent with the right to appeal therefrom, thereby impliedly waives, or is estopped to assert, his right to have such judgment, order, or decree reviewed by an appellate court; and this rule has been held to apply where the acquiescence or ratification was either partial or in toto.' " (pp. 207, 208.)

The opinion in the foregoing case might well have included the statement appearing in 4 C. J. S., Appeal and Error, 404, § 213, which reads:

"It is a well settled general rule, declared in some states by express statutory provision, that a party is not aggrieved by a judgment, order, decree, or ruling regularly rendered or made, on agreement or otherwise, with his express or implied consent, and therefore he cannot appeal or sue out a writ of error to review the same, . . ."

Another such rule, equally as well established, is that one who, by his own act, invites a trial court's ruling and judgment may not be heard to complain of such ruling or judgment on appeal even though that action may have been erroneous. Stated in another form, that reversal of a judgment cannot be secured on invited error (*Emery v. Riverside Drainage District,* 132 Kan. 98, 101, 294 Pac. 888; *Smith v. Veeder Supply Co.,* 137 Kan. 124, 19 P. 2d 699; *Meyer Sanitary Milk Co. v. Casualty Reciprocal Exchange,* 145 Kan. 501, 66 P. 2d 619; *Oliver Farm Equipment Sales Co. v. Lynch,* 151 Kan. 260, 263, 98 P. 2d 95; *Herl v. Herl,* 154 Kan. 44, 114 P. 2d 817; *Simeon v. Schroeder,* 170 Kan. 471, 475, 227 P. 2d 153).

See, also, *Mercer v. McPherson,* 70 Kan. 617, 79 Pac. 118, where we held:

"A party that procures a court to proceed in an irregular way and invites a particular ruling is precluded from assailing such proceeding and ruling on review." (Syl. ¶ 1.)

The rule announced in the foregoing decisions finds support in 3 Am. Jur., Appeal & Error, 427, § 876, where it is said:

"The rule is well settled that a party cannot successfully complain of error for which he is himself responsible or of rulings which he has invited the trial court to make. . . ."

Also in 2 Am. Jur., Appeal & Error, 974, § 211, where the following statement appears:

"If a party consents to the rendition of a particular judgment, decree, or order, he cannot appeal therefrom or have it reviewed on error proceedings. . . ."

Still another of such rules is that a party cannot allege error where to do so would involve a contradiction of an admission or concession made by him in his pleadings or at the trial, or the repudiation of a stipulation, agreement, or consent which had been acted upon. (3 Am. Jur., Appeal & Error, 423, § 874.)

This court has touched upon this rule on a number of occasions. See, e. g., page 483 of *Brown v. Oil Co.*, 114 Kan. 482, 218 Pac. 998, where we said, "It is elementary that a litigant cannot take contrary positions, one in which he has sought and procured an order, ruling or judgment in the trial court and another in the supreme court in which he complains of such order, ruling or judgment." Also at page 505 of the opinion in *Meyer Sanitary Milk Co. v. Casualty Reciprocal Exchange*, supra, where it is said, "Certainly defendant should not in this court assume an attitude inconsistent with that taken by him at the trial . . . if there was error . . ., it was invited by defendant. It cannot now complain. . . ."

Approaching consideration of the merits of the motion to dismiss we note that appellant, apparently cognizant of the fact its decison depends upon the construction to be given his motion to reduce the verdict, suggests without saying so in express terms that the record fails to show his motion was ever presented to the court or ruled upon. The fallacy in this position becomes obvious upon resort to the record which reveals that with such motion on file the trial court gave appellant everything, in fact precisely the relief he had asked for. Under such circumstances we are bound to assume the trial court's action was based upon such motion. Of a certainty appellant is in no position to contend to the contrary and should not be permitted to do so. Nor is there merit to appellant's contention he had never consented to the judgment rendered or to any ruling which actually might have been made on his motion for a reduction of the judgment as originally rendered. The answer to that contention is to be found in the motion itself which expressly requests, that in the event the motions therein specified were overruled, that the court reduce the verdict by such part as was not warranted by the evidence (leaving it to that tribunal to determine such question), and render judgment for the residue, *or* grant a new trial. The court reduced the verdict, rendered judgment for the residue and overruled the motion for a new trial, all in conformity with and as contemplated by the terms of the motion. In the face of that situation

we think appellant must be regarded as having not only invited but impliedly consented to the judgment as rendered. The fact, as appears from appellant's subsequent action, that the verdict was not reduced as much as he had hoped for does not warrant him in reneging on his agreement after it had been acted upon by the court in exact conformance with its terms. While on the subject of invitation and consent, although we regard it as indicative rather than decisive of appellant's intention, it is interesting to note that following the rendition of the June 5, 1952, judgment, reducing the original judgment of March 14, 1952, which we must assume was set aside by that action, in the sizeable sum of $6,000, appellant has made no complaint respecting the last judgment, and to this date has taken no appeal therefrom.

In view of what has been heretofore stated we have little difficulty in concluding the record discloses appellant not only invited and impliedly consented to the rendition of the June 5th judgment and the overruling of his motion for a new trial but that he is now taking a position inconsistent with that taken by him at the trial and hence is estopped and cut off from maintaining the instant appeal.

We know of no decision in our reports exactly paralleling the case at bar and it may be conceded that some of the general rules to which we have heretofore referred, except as they serve to indicate the position of this court under somewhat similar conditions and circumstances, are inapplicable under the confronting facts and circumstances. Even so we are convinced that when considered in their entirety such rules, as well as our decisions approving them, not only warrant but compel the conclusion just announced.

For decisions from foreign jurisdictions supporting this view see *Larson v. Hanson,* 207 Wis. 485, 242 N. W. 184; *Steneman v. Breyfogle,* 211 Wis. 5, 247 N. W. 337; *Krudwig v. Koepke,* 227 Wis. 1, 277 N. W. 670; *Dillon v. Wentz,* 227 N. C. 117, 41 S. E. 2d 202; *Robertson v. Maroevich,* 42 Cal. App. 2d 610, 109 P. 2d 708.

In the light of what has been said it, of course, becomes inappropriate to comment on the merits of the appeal. The same holds true of a contention advanced by appellant to the effect that this court, under the equitable doctrine of estoppel, should hold that appellee's motion to dismiss was not filed immediately after appellant had perfected his appeal and hence should be disregarded.

The appeal must be dismissed and it is so ordered.