Nos. 43,489 and 43,566 Consolidated

CHARLOTTE ANSTAETT, *Appellee*, v. WILLIAM CHRISTESEN and OSAGE COUNTY MOTORS, Inc., *Appellants*.

(389 P. 2d 773)

March 7, 1964.

Opinion filed

*Charles L. Davis, Jr.,* of Topeka, argued the cause, and *Harry Coffman, William Baldock* and *J. Stephen Jones,* all of Lyndon, *Byron M. Gray, Maurice D. Freidberg* and *Frank M. Rice,* all of Topeka, were with him on the briefs for the appellants.

*Leonard W. McAnarney,* of Lyndon, argued the cause for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This appeal stems from an action for damages which resulted from the collision of two motor vehicles.

The plaintiff was driving north on Fifth Street, a secondary traffic-way, in Osage City, Kansas. The defendant, William Christesen, was parked on Market Street, a main through-way of Osage City, about sixty-five feet west of Fifth Street. He backed his car into the street and started driving east. The collision occurred at the intersection of the two streets.

The jury returned a verdict in favor of the plaintiff. The defendants have appealed raising numerous alleged trial errors.

Without further consideration of the facts, we pause to give attention to appellee's motion to dismiss the appeal. The appellee contends that the appellants, having filed a motion for an order reducing the verdict after their motion for new trial and other motions had been overruled, waived any alleged trial errors.

The procedure leading up to the question should first be presented.

On September 18, 1962, the jury returned a verdict in favor of

appellee in the amount of $5,492.82. The court entered judgment approving the verdict on the same day.

The appellants filed a motion for a new trial setting forth the statutory grounds. They also filed motions to set aside answers to special questions and for judgment *non obstante veredicto.*

On November 15, 1962, the trial court overruled the motion for new trial and the other motions mentioned. Some three weeks after the overruling of the motion for new trial and other motions, the appellants filed their motion to reduce the verdict which reads: "Come now the defendants and move the court to enter an order of remittitur herein, and in support thereof respectfully submit to the court that the evidence most favorable to the plaintiff did not support a verdict in the amount rendered."

On January 4, 1963, the motion for remittitur was heard by the trial court. Following argument of counsel and the submission of the motion to the court, counsel for appellants made an oral motion to withdraw the motion for remittitur. The appellee objected to the motion to withdraw and the oral motion was denied. The court then took the motion for a remittitur under advisement.

On January 11, 1963, the court set aside its order of November 15, 1962, overruling the motion for new trial and entered an order to the effect that if appellee would accept a remittitur of $130.24 within five days, the motion for new trial would be overruled, otherwise it would be granted. The remittitur covered an improper allowance made by the jury for medical expense.

On January 17, 1963, the appellee, having accepted the remittitur in writing, the court overruled the motion for new trial and entered judgment for the appellee in the amount of $5,362.58.

On January 20, 1963, the appellants filed a notice of appeal from the following orders:

"1. The court's entry of judgment and order of September 18, 1962, accepting and approving the jury's general and special verdicts and ordering the same filed and judgments entered thereon.

"2. The court's order, judgment and decree of November 15, 1962, overruling the defendants' motion to set aside answers to special questions, motion for new trial, and motion for judgment non obstante veredicto, and the court's order and judgment in favor of the plaintiff and against the defendants.

"3. The court's order on the 4th day of January, 1963, overruling defendants' motion to withdraw defendants' motion for remittitur, and the court's order dated January 11 [17], 1963, overruling defendants' motion for new trial, which order ordered plaintiff to remit One Hundred Thirty Dollars Twenty-four Cents ($130.24) of the verdict and file a remittitur within five (5) days, in which event motion for new trial would be overruled."

It is a well established rule of law that an appeal will be dismissed upon a showing that the appealing party has acquiesced in or invited the making of the order from which the appeal is taken. (*Sisk v. Edmonston,* 163 Kan. 394, 182 P. 2d 891 and *Newsome v. Anderson,* 164 Kan. 132, 187 P. 2d 495.)

However, we need not labor with the general rules of law applicable to the question as we have a decision exactly paralleling the case at bar. In *Hawkins v. Wilson,* 174 Kan. 602, 257 P. 2d 1110, this court had under consideration the effect of a motion to reduce a verdict after a motion for new trial and other motions had been overruled. The opinion reviewed at some length the established rules dealing with situations where parties by their own conduct and action are preclude from maintaining an appeal and held:

"The record in an action to recover damages for personal injuries in which the plaintiff recovered and the defendant appealed examined, and it is *held,* that the defendant is estopped and cut off from his rights of appeal by reason of a motion to reduce the verdict, and other facts set forth at length in the opinion, disclosing that he invited and gave implied consent to the trial court's action in reducing the verdict; in rendering its judgment; and in overruling his motion for a new trial." (Syl.)

We are forced to conclude that where defendants file a motion for a reduction of a verdict after their motion for new trial has been overruled, they waive all alleged trial errors and submit the case to the trial court for its determination of the propriety of the amount of the verdict.

The appeal is dismissed.

APPROVED BY THE COURT.

FONTRON, J., not participating.