No. 44,028

FLORA M. CURRY; DORIS G. ARMSTRONG; FRANCIS X. PERNEY, JR.; and FRANCIS X. PERNEY, JR., Executor of the Will and of the Estate of Francis X. Perney, Deceased, *Appellants*, v. MARY JUANITA PERNEY, *Appellee* and *Cross-Appellant*.

(402 P. 2d 316)

Opinion filed May 15, 1965.

*E. J. Webber*, of Topeka, was on the briefs and argued the cause for the appellants.

*Arthur E. Palmer*, of Topeka, argued the cause, and *Lester M. Goodell; Marlin S. Casey; Raymond Briman; Murray F. Hardesty; Gerald L. Goodell; Wayne T. Stratton*, and *Robert E. Edmonds*, all of Topeka, were with him on the briefs for the appellee and cross-appellant.

The opinion of the court was delivered by

PARKER, C. J.: This controversy stems from an action to partition real estate.

Jean Perney, mother of the three individual plaintiffs and the wife of Francis X. Perney, died intestate July 12, 1953. Her estate was administered in the Probate Court of Shawnee County at which time her one-half interest in a house known as 207 Clay Street, Topeka, Kansas, was assigned to her husband and her three children. Francis X. Perney then owned an undivided three-fourths interest and each child owned an undivided one-twelfth interest.

In February, 1959, Francis X. Perney married the defendant, Mary Juanita Perney. Thereafter they resided in California until

March, 1962, when they moved to the house at 207 Clay Street. A portion of the property had been rented for $50.00 per month while Francis and his second wife lived in California.

On May 16, 1962, Francis X. Perney died testate, a resident of Topeka, Kansas. His estate is now being probated in the Shawnee County Probate Court with Francis X. Perney, Jr. as executor. The three children of Francis and Jean Perney (his first wife) were named as sole beneficiaries under the will. Defendant, the second wife of Francis, elected to take under the law which gave her one-half of her deceased husband's three-fourths interest.

The defendant has claimed the house as her homestead and resided therein since the death of the decedent. She spent $206.03 for taxes, insurance and improvements on the property after decedent's death and prior to appointment of the executor in September, 1962.

The plaintiffs brought an action for partition of the property. The prayer of their petition reads:

"WHEREFORE plaintiffs pray that the court partition said real estate described above according to the respective interests of the parties as alleged aforesaid, or, if partition cannot be made without manifest injury, that said land be appraised and sold and the proceeds be divided according to the respective rights of the parties after the payment of the costs; that the plaintiffs be awarded possession of said property together with damages in the sum of $720.00 for the unlawful detention thereof, costs of this action, and all other proper and equitable relief in the premises."

The defendant answered setting up the following claim for relief:

"WHEREFORE, defendant prays that the relief prayed for in plaintiffs' petition be denied; that defendant be awarded judgment against the plaintiffs, and each of them, in the sum of $593.15 for said improvements upon said property and the sum of $700.00 for payment of said moving expenses; that in the event partition is made and a sale is made in partition, that the said sum of $593.15 expended by defendant for the improvements, taxes and insurance on said property be paid to defendant from plaintiffs' share of the proceeds of said sale and for such other relief as may be deemed equitable."

After a hearing on the issues as joined the district court entered judgment in which it decreed partition of the property, allowed the defendant the sum of $206.03 expended as improvements, directed the payment of past due taxes, and denied the plaintiffs' claim for rent.

Thereupon the plaintiffs appealed and the defendant cross-appealed.

The appellants' appeal is from that part of the judgment resulting from the following conclusions made by the trial court:

"That from the proceeds of said sale and before setting apart plaintiffs' one-twelfth interests, the Clerk of the District Court should first pay any back taxes due on said real estate, along with abstract and other expenses necessary to clear title to said real estate.

"That under the provisions of the occupying claimant law, 60-1004, G. S. of Kansas, 1963, the Clerk shall also, prior to setting apart the one-twelfth interests herein, pay to the defendant the sum of $206.03, which sum was expended as improvements by said defendant after the death of Francis X. Perney.

"That the plaintiffs, as co-tenants, are not entitled to rent herein as there has not been an affirmative action which would deprive them of their co-tenancy rights in the property. . . ."

At the outset we are confronted with appellee's motion to dismiss the original appeal, whereupon appellee contends that the appellants acquiesced in the judgment by the following acts:

(1) The appellants' motion to confirm report of commissioners and the order confirming report of commissioners.

(2) The appellants' praecipe for order of sale and the order of sale.

(3) The appellants' motion for order to vacate premises.

After careful consideration of all arguments advanced by the parties on the point now under consideration we are constrained to conclude that the appellants have acquiesced in the judgment, thus barring their right to appeal.

The court entered but one judgment in which it granted partition as requested but adjusted the equities contrary to the contentions of appellants.

In a partition decree the court may adjust all equities of the parties in the property or arising therefrom. (*Thresher Co. v. Judd,* 104 Kan. 757, 180 Pac. 763.) The right of the court of equity to partition is subject to the power of the court to make equitable partition. (*Fry v. Dewees,* 151 Kan. 488, 99 P. 2d 844.)

The record makes it appear that the appellants have proceeded to enforce the portion of the judgment which decreed partition. Having accepted the benefits of that part of the decree they cannot now appeal from the portion of the judgment they find objectionable. By their action appellants have sought and obtained enforcement of the partition order. This necessarily constitutes acquiescence in the judgment.

Under our repeated decisions anything that savors of acquiescence in a judgment cuts off the right to appellate review. See, e. g., *Cohen v. Dresie,* 174 Kan. 391, 256 P. 2d 845; *Hawkins v. Wilson,* 174 Kan. 602, 605, 257 P. 2d 1110; *Peters v. Peters,* 175 Kan. 422, 263 P. 2d 1019; *Rose v. Helstrom,* 177 Kan. 209, 277 P. 2d 633;

*In re Estate of Hill*, 179 Kan. 536, 297 P. 2d 151, and *Anstaett v. Christesen*, 192 Kan. 572, 389 P. 2d 773.

We will next consider the issues raised by the cross-appeal, passing the question, which has not been raised, whether the issues have become moot by a failure to stay the proceedings in the court below.

The first contention raised by the cross-appellant is that she was occupying the property as a homestead and that it was not subject to partition. In making this contention she asks us to overrule our decision in *Cole v. Coons*, 162 Kan. 624, 178 P. 2d 997, where it is held:

"When real property is owned by tenants in common one cotenant cannot establish a homestead right therein as against the interests of other *cotenants*.

"If real property is owned by cotenants *before* the death of one cotenant occurs, the survivors of the deceased cotenant cannot establish a homestead right of occupancy in the property which will defeat, delay or affect partition thereof by the other *cotenants*.

"G. S. 1945 Supp., 59-402, does not create a homestead right and is applicable only to real property in which homestead rights can be established.

"Such statute applies only to tenancies in common created by immediate descent and does not change the status of property fixed *prior* to the death of a decedent." (Syl. ¶¶ 1, 2, 3 & 4.)

We refuse to overrule *Cole v. Coons*, supra, and continue to adhere to the decision in that case.

Moreover, we conclude that K. S. A. 59-402 which reads: "The homestead shall not be subject to forced partition unless the surviving spouse remarries, nor until all the children arrive at the age of majority" relates to tenancies in common created by death but not before death.

Cross-appellant next contends that the trial court erred in not refusing partition under the provisions of K. S. A. 60-1003 (*d*) which provides:

"The court shall have full power to make any order not inconsistent with the provisions of this article that may be necessary to make a just and equitable partition between the parties, and to secure their respective interests, or may refuse partition if the same would result in extraordinary hardship or oppression."

In connection with the section of the statute just quoted it is suggested that she (cross-appellant) has an income of only $251.60 per month and needs the property for a home. It is also suggested that it is hard to imagine a case where equities cry louder for exercise of the foregoing section of the statute. This appeal is

more a matter for consideration of charity than for equitable relief. The statute in question never contemplated that one cotenant, who might be a complete stranger to another, would be required to forego partition and furnish the other with a home because of pecuniary circumstances. The equities to which the statute refers are those which may be enjoyed jointly without partition. Equity would not deny to one cotenant his interest in the use of the property for the benefit of another.

Finally cross-appellant contends that the trial court erred in concluding:

". . . The Clerk of the District Court should pay the balance of the proceeds, after deducting the one-twelfth interests of the plaintiffs herein, and after payment of the expenses hereinbefore enumerated, the same being the three-fourths interest of the decedent, to the executor of the estate of Francis X. Perney, deceased, there is to be governed according to the laws of this State relating to decedent's estate.

"This court is expressly holding that it has no authority or jurisdiction to impress homestead rights on the property which is an asset in probate. The Probate Code adequately provides the procedure for setting up and claiming of homesteads. Section 59-2235 and its provisions should be followed."

and further states:

". . . The homestead rights obviously can be asserted against the creditors of the estate of Francis X. Perney. This is the very purpose for which homestead rights were created by the Kansas Constitution. It therefore is the position of cross-appellant-appellee that it was manifest error for the court to order proceeds of the partition sale paid to the executor of the estate of appellee's husband and there to be subjected to the debts of his estate. . . ."

There is no sound basis for cross-appellant's final contention. She misconstrues the judgment of the trial court. That tribunal simply ordered all of the funds derived from Francis X. Perney's estate paid into the probate court. The probate court is to make the same determinations that it would have made had the partition action not been filed. One of its obligations is to determine whether cross-appellant has a homestead right which follows the proceeds of the sale of the real estate. If cross-appellant is dissatisfied with the action of the probate court she has the right to appeal.

What has been heretofore stated and held requires an affirmance of the judgment—and it is so ordered.