No. 51,931

GARDEN CITY COUNTRY CLUB, *Appellant,* v. COMMERCIAL TURF IRRIGATION, INC., *Appellee.*

(634 P.2d 1067)

Opinion filed October 23, 1981.

*Lelyn J. Braun,* of Braun & Nyswonger, of Garden City, argued the cause and was on the brief for the appellant.

*Kenneth Boelte,* of Concannon, Boelte & Boelte, of Sublette, argued the cause, and *Kathleen M. Boelte,* of the same firm, was with him on the brief for the appellee.

The opinion of the court was delivered by

MCFARLAND, J.: Plaintiff-appellant Garden City Country Club (Country Club) appeals from a judgment entered against it on the counterclaim of defendant-appellee, Commercial Turf Irrigation, Inc. (Turf Company).

The issues raised relate to whether the appeal is barred by virtue of judgment having been entered on remittitur, to alleged errors in the admission of evidence relative to damages, and to whether the verdict is excessive. These being the issues, the controversy spawning the lawsuit is only of peripheral importance and will be summarized.

In 1978 appellant Country Club contracted with appellee Turf Company for the installation of an irrigation system on Country

Club's golf course. While the work was in progress, Country Club became disenchanted with both the quantity and quality of the job performance and brought this action against Turf Company, seeking damages for breach of contract. An ex parte injunction was issued on Country Club's request barring material removals.

Turf Company denied it had breached the contract and counterclaimed for all damages flowing from Country Club's actions, including the securing of the alleged wrongful injunction.

At trial the jury was duly instructed that a verdict in favor of Country Club on its claim could not exceed $23,889.76, the amount sought. Unfortunately, no comparable instruction was given on the counterclaim. As a result of this unobjected-to omission, the jury considered the damages on the counterclaim unfettered by a maximum amount which could be awarded. Turf Company won the day, obtaining a verdict on Country Club's claim and a verdict for $102,000 on its counterclaim.

Country Club responded with a battery of post-trial motions seeking a new trial, judgment notwithstanding the verdict, and remittitur. A remittitur was granted reducing the recovery to $87,625.81, the amount of the claim. Country Club appeals therefrom.

Turf Company raised the issue in its brief that the granting of Country Club's motion for remittitur barred appeal by Country Club. In support thereof, Turf Company cites *Anstaett v. Christesen,* 192 Kan. 572, Syl., 389 P.2d 773 (1964), which held:

"Where defendants moved to reduce a verdict and the court reduced the verdict and rendered judgment for the residue, and overruled the motion for new trial, defendants will be regarded as having not only invited but impliedly consented to the judgment as rendered, though the verdict was not reduced as much as defendants had hoped for, and the defendants could not thereafter appeal from the order overruling the motion for a new trial. (Following *Hawkins v. Wilson,* 174 Kan. 602, 257 P.2d 1110.)"

Such is the present case law of Kansas, which was relied on by the Court of Appeals when it dismissed the appeal herein in an unpublished opinion filed April 24, 1981.

Apparently, this rule of law first surfaced in the *Hawkins* case and was followed in *Anstaett.* The court in *Hawkins* likened requesting a remittitur to inviting a judgment and then complaining about the granting of the judgment, which the court reasoned constituted acquiescence in the judgment. The court

also reasoned that by requesting a remittitur a party is consenting to any judgment entered thereon and cannot later complain.

Let us apply this *Anstaett-Hawkins* rationale to the case before us. Country Club had a maximum exposure of liability at all stages of this litigation of $87,625.81—the unamended amount of damages pled by Turf Company under Supreme Court Rule No. 118 (225 Kan. lxii). Although the precise breakdown of claimed damages will be discussed in greater detail elsewhere in this opinion, it is sufficient to say at this time that Country Club, at the close of the evidence, hoped it had reduced its exposure to substantially less than the claimed amount by virtue of its cross-examination of Turf Company's principal witness. This is reflected in the motion for remittitur as follows:

"Comes now the plaintiff and moves the Court for an Order in Remittitur of the jury verdict rendered in the above entitled cause. In support of this motion, plaintiff states and alleges that the evidence in this case taken in its most favorable light from the defendant's testimony only, would only warrant a verdict of lost profits in the approximate amount of $35,000.00, allowing his previous lost profits of $36,000.00 for which he was paid, reasonable rental value of equipment in the amount of $8,200.00 and employees' wages in the amount of $2,200.00 along with the 100% allowance of attorney fees in the approximate amount of $3,700.00.

"Plaintiff further states and alleges that the verdict is excessive in this regard."

Country Club did not ask for a remittitur reducing the judgment merely to the amount of the claim, but rather sought judgment in the $45,000 to $50,000 range. That portion of the $102,000 verdict above the claimed $87,625.81 was not an excessive verdict; it was an unlawful verdict. The remittitur merely reduced the verdict to a legally possible judgment—$87,625.81. The motion for remittitur challenges whether Turf Company proved its $87,625.81 claim. It is difficult to reason that Country Club has somehow acquiesced in or consented to a judgment for 100% of the claim against it by virtue of seeking a remittitur.

Let us examine the *Anstaett-Hawkins* rule further. Generally speaking, is requesting and receiving a remittitur sufficient reason to bar an appeal? A remittitur is frequently requested in unspecific terms such as *"reduce the verdict* by such part as is not warranted by the evidence *and render judgment for the residue"* (*Hawkins v. Wilson,* 174 Kan. at 603), or "enter an order of remittitur herein, and  .  .  .  submit to the court that the evidence  .  .  .  did not support a verdict in the amount rendered" (*Anstaett v. Christesen,* 192 Kan. at 573). The trial court, of course, determines the amount of remittitur, regardless of

whether a specific amount has been requested. Under the *Anstaett-Hawkins* rule a party requesting a remittitur throws himself on the mercy of the trial court and if he receives a remittitur in any amount he is deemed to have consented to the judgment and to be legally satisfied with the entire proceedings and precluded from appeal. We also note the *Anstaett-Hawkins* rule appears to be inconsistent with the current legal philosophy of simplifying appeals and making them readily available to litigants. A cursory review of legal encyclopedias and the law of other jurisdictions reveals no comparable rule, nor has any been cited by the parties. The *Anstaett-Hawkins* rule appears to be a maverick in our Kansas law and should be summarily cast out.

We therefore conclude that where a verdict is reduced and judgment entered for the residue on motion of the party against whom the verdict was entered, said party has neither consented to nor acquiesced in the new judgment, and is not barred from appeal. The holdings of *Anstaett v. Christesen,* 192 Kan. 572, 389 P.2d 773 (1964), and *Hawkins v. Wilson,* 174 Kan. 602, 257 P.2d 1110 (1953), so far as they are contrary to or inconsistent with this opinion, are expressly rejected and overruled.

We turn now to the merits of the case. The issues relative to the admission and exclusion of evidence, failure to give a requested instruction, and the propriety of permitting the jury to consider lost profits as an element of damage have been carefully considered and no reversible error is shown.

The final issue is whether the verdict was excessive. As previously discussed, the original verdict of $102,000 was reduced on remittitur and judgment entered for $87,625.81. The question then is whether $87,625.81 is excessive.

It has long been the rule that when a verdict is attacked for insufficiency of the evidence the duty of the appellate court extends only to a search of the record for the purpose of determining whether there is any competent substantial evidence to support the findings. The appellate court will not weigh the evidence or pass upon the credibility of the witnesses. Under these circumstances, the reviewing court must review the evidence in the light most favorable to the party prevailing below. *Cantrell v. R. D. Werner Co.,* 226 Kan. 681, 684, 602 P.2d 1326 (1979).

The core of Country Club's argument relative to excessiveness

of the verdict is that while Turf Company listed $70,649.40 as representing lost profits, its president testified that the actual lost profits were roughly half that figure. The difference in how profit is computed is whether the profit factor was included on each paid invoice for labor or whether profit would be the difference between cost of performing the entire contract and the contract price. We do not have to concern ourselves with this problem. Even limiting lost profits to $35,000, there was testimony of an unpaid invoice for $37,190 in labor costs, the cost of relocating employees of $2,925.00, rental value of idled equipment of $8,200.00, plus attorney fees of $7,044.50. The aggregate of these sums alone exceeds the amount of the judgment. The transcript of the testimony of Turf Company's president is before this court; however, the exhibits from which this key witness testified and which were admitted into evidence were not designated a part of the record and hence are not before us.

We conclude there was substantial competent evidence to support the verdict.

The opinion of the Court of Appeals dismissing the appeal is reversed and the judgment of the district court is affirmed.

FROMME, J., not participating.

HERD, J., dissenting.

HOLMES, J., concurring in part and dissenting in part:

I concur with the result reached by the majority and with most of the majority opinion. I believe, however, that the language in Syllabus ¶ 1 and that portion of the opinion which reads:

"[W]here a verdict is reduced and judgment entered for the residue on motion of the party against whom the verdict was entered, said party has neither consented to nor acquiesced in the new judgment, and is not barred from appeal,"

is overly broad and I respectfully dissent therefrom. In my opinion if a losing party files a motion for remittitur seeking reduction of the judgment to a specific figure or range of figures and the court grants the same, then such party should be precluded from an appeal. For example, if Country Club, having sought a remittitur to the $45,000 to $50,000 range, had received a reduction to $50,000 or less then I would hold that the right to appeal should be denied. I am not certain that the language of the majority would reach such a result.