No. 53,210

In the Matter of the Conservatorship of DAVID HATFIELD, SUSAN HATFIELD, *Appellant*, v. LARRY HATFIELD, *Appellee.*

(646 P.2d 481)

Opinion filed June 11, 1982.

*Stephen B. Rhudy,* of Stephen B. Rhudy, Chartered, of Lawrence, argued the cause and was on the brief for the appellant.

*Tim Degginger,* of Lawrence, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, C.J.: This is an appeal arising from court approval of actions taken by a conservator during the period of his conservatee's incapacity.

David R. Hatfield, the conservatee, was involved in a motorcycle accident on August 31, 1980, in which he sustained severe head injuries and was rendered comatose. His family relationships at the time of the accident give rise to the issues asserted by the appellant.

David and his wife Susan Hatfield (appellant) had been divorced on March 3, 1980. The divorce decree and settlement agreements incorporated therein provided $500 per month child support for the children of the marriage, Traci and Shannon. Monthly alimony payments of $500 were provided for one year with a stipulation for prior termination should Susan remarry or die. No mention was made of life insurance policies on David's life.

After the motorcycle accident, when it became apparent David could no longer handle his own affairs, his brother Larry Hatfield petitioned the court for conservatorship pursuant to K.S.A. 59-3009. The court entered an order appointing Larry conservator on October 3, 1980. David died on November 15, 1980. Shortly thereafter, the conservator filed a petition for termination of

conservatorship. He included a final accounting and requested approval of his actions changing the named beneficiary on David Hatfield's insurance policies from the former spouse to the natural children and creating a trust in favor of the children. Susan Hatfield opposed approval of the conservator's actions in changing the named beneficiary and requested payment of child support for the four months following her ex-husband's death.

The court approved the actions of the conservator and awarded $4,000 for "back and future child support" due December 1, 1980, through March 1, 1981. Memoranda submitted to the trial court address the issue of alimony for the same time span. Despite the court's designation of the award as "back and future child support," the sum covers both alimony and child support for a four-month period of time *after* David R. Hatfield's death.

Susan Hatfield appeals that portion of the judgment approving the conservator's actions in changing the insurance beneficiaries and establishing the trust. No cross-appeal is taken from the award of alimony and child support. See *In re Estate of Sweeney,* 210 Kan. 216, 500 P.2d 56 (1972); *Kendall v. Kendall,* 218 Kan. 713, 545 P.2d 346 (1976).

Before reaching the merits of the appeal, it is necessary to determine whether Susan Hatfield waived her right to appeal. The journal entry filed April 3, 1981, contains the following paragraph:

"Finally, it is stipulated by and between the parties, and approved by the Court, that in compromise of all issues arising between the parties that each party agrees, in exchange for the promise of the other, that neither will appeal any ruling, order, or this Journal Entry of Judgment, and this matter should be and the same is hereby final, closed, and terminated."

Susan Hatfield asserts in her brief that the attorney who signed the journal entry was without authority to waive her right to appeal. He was an attorney in the same firm of attorneys and assisting her attorney of record and assumed the provision promising no appeal had been previously agreed.

Although the general rule is that a client is bound by the actions of counsel acting on his or her behalf, this court has recognized a limitation on counsel's authority "to control over procedural matters incident to litigation" with the client maintaining control over the subject matter of the litigation. *Reimer v. Davis,* 224 Kan. 225, 229, 580 P.2d 81 (1978). See also *Miller v. Miller,* 6 Kan.

App. 2d 193, 194, 627 P.2d 365 (1981); *Miotk v. Rudy,* 4 Kan. App. 2d 296, 299, 605 P.2d 587, *rev. denied* 227 Kan. 927 (1980).

This action involves a waiver of the right to appeal as part of the alleged compromise of the suit. The attorney's authority to waive the client's rights is stated in much the same language as his authority to compromise and settle.

"An attorney is impliedly authorized to enter into waivers concerning procedural and remedial matters, but in the absence of express authority, an attorney generally has no power, by stipulation, agreement, or otherwise, to waive or surrender the substantial legal rights of his client." 7A C.J.S., Attorney & Client § 207.

Without belaboring a procedural-substantive distinction, it clearly appears the right to appeal is a substantial legal right which cannot be waived without the client's consent. We recognize circumstances could operate to bind a client to his attorney's waiver, 7A C.J.S., Attorney & Client § 207, but no such exceptional circumstances appear in the case before us.

Affidavits executed by Susan Hatfield and her attorney subsequent to timely filing of the notice of appeal indicate Susan Hatfield never consented to waiver of her right to appeal. The appellee conservator argues that, even if consent to waiver were required and even if such consent were not given, Susan Hatfield acquiesced in the judgment and foreclosed appeal. 7A C.J.S., Attorney & Client § 188. The conservator points first to Susan's retention of the same counsel on appeal as indicative of acquiescence in the actions in the court below. The conservator also alleges acceptance of benefits in the form of $2,000 for alimony and payment of the conservator's attorney's fees constitute acquiescence in the judgment.

Under the circumstances of this case wherein an assistant attorney allegedly acted without authority in the trial court and the same firm is retained on appeal, we find no indication of acquiescence in the judgment on that ground. Contra *Overlander v. Overlander,* 129 Kan. 709, 712, 284 Pac. 614 (1930). Greater weight must be given, however, to acceptance of the money for her benefit and payment of the conservator's attorney's fees. This court has often expressed reluctance to deny review but has at the same time followed the rule that anything which "savors of acquiescence in a judgment cuts off the right of appellate review thereof." *In re Estate of Hill,* 179 Kan. 536, 538, 297 P.2d 151

(1956). See also *Haberer v. Newman,* 219 Kan. 562, 566, 549 P.2d 975 (1976); *Seaman Dist. Teachers' Ass'n v. Board of Education,* 217 Kan. 233, 247, 535 P.2d 889 (1975); *Curry v. Perney,* 194 Kan. 722, 724, 402 P.2d 316 (1965); *Peters v. Peters,* 175 Kan. 422, 424, 263 P.2d 1019 (1953). A refinement of that rule was developed in *Garden City Country Club v. Commercial Turf Irrig., Inc.,* 230 Kan. 272, 634 P.2d 1067 (1981). Prior to that opinion, requesting a remittitur had been found to constitute acquiescence and preclude appeal. See, *e.g., Anstaett v. Christesen,* 192 Kan. 572, 389 P.2d 773 (1964); *Hawkins v. Wilson,* 174 Kan. 602, 257 P.2d 1110 (1953) (both overruled to the extent they are contrary to or inconsistent with *Garden City Country Club v. Commercial Turf Irrig., Inc.*). In *Garden City Country Club,* the court distinguished remittiturs from other actions constituting acquiescence and concluded "where a verdict is reduced and judgment entered for the residue on motion of the party against whom the verdict was entered, said party has neither consented to nor acquiesced in the new judgment, and is not barred from appeal." 230 Kan. at 275. The action of a party in requesting or accepting reduction of the amount or judgment is distinguishable, however, from unqualified acceptance of the terms of a judgment as in this case. The plaintiff accepted the check, presumably with knowledge of the journal entry, and paid the required fees. That she subsequently filed a timely notice of appeal does not nullify her acceptance of the judgment. We find that by acquiescing in the judgment, plaintiff forfeited any right to appeal.

Under the foregoing facts and circumstances the appeal is dismissed.