John Vratil
State Senator, 11th District
State Capitol, Room 281-E
Topeka, Kansas 66612
Dear Senator Vratil:
You inquire whether three provisos[1] included in the 2008 omnibus appropriations bill, 2008 SB 534, [2] violate the constitutional prohibition on multiple subjects in bills, Article 2, Section 16 of the Kansas Constitution. This prohibition provides, in part:
 "No bill shall contain more than one subject, except appropriations bills. . . . [T]he subject of each bill shall be expressed in its title. [T]he provisions of this section shall be liberally construed to effectuate the acts of the legislature."
The provisos in question, as summarized, provide that: (1) a legislator wishing to attend more than one out-of-state meeting within a 12-month period has to obtain authorization from the Speaker of the House of Representatives or the President of the Senate;[3] (2) a legislator can decide whether his or her legislative assistant will work normal business hours during the veto session. Legislators who share legislative assistants can make this determination jointly and, if they cannot agree, the director of legislative administrative services will make the determination;[4] and (3) the Division of Post Audit, on approval of the Legislative Post Audit Committee, shall conduct performance audits of the Kansas Commission on Veteran Affairs and on issues involving illegal immigrants.[5]
The seminal case on multiple subjects in appropriation bills isState ex. rel Stephan v. Carlin.[6] Carlin addressed the propriety of a provision in an omnibus appropriations bill that amended a portion of the school district equalization act limiting school district budgets. Examining Article 2, Section 16 of the Kansas Constitution in relation to appropriation bills, the Court concluded that Section 16 does not give the legislature the authority to include in an appropriations bill "subjects entirely foreign to appropriations:"[7]
 "Appropriation bills may direct the amounts of money which may be spent, and for what purposes; they may express the legislature's direction as to expenditures; they may transfer funds from one account to another; they may direct that prior unexpended appropriations lapse. But we hold that under section 16 of Article 2 of the Constitution, appropriation bills may not include subjects wholly foreign and unrelated to their primary purpose: authorizing the expenditure of specific sums of money for specific purposes."[8]
Accordingly, the Court determined that the school district budget provision ran afoul of the constitutional one-subject provision:
 "Section 77 of Senate Bill No. 470 does not appropriate state funds; it does not establish expenditure limitations on state funds; it does not authorize the transfer of state moneys from one fund to another. It does fix budget limitations for school districts. It bears no more relationship to the appropriation of state funds than do statutes fixing the budget limitations of cities, counties, or other taxing districts. . . . [C]learly, it adds a second subject to the [appropriation] bill."[9]
Like the provision in the Carlin decision, the subject of the provisos in question are "wholly foreign and unrelated" to the subject of appropriating state funds. Moreover, the provisos are classic examples of "surreptitious legislation" for which Article 2, Section 16 was crafted to forestall:
 "In Garten Enterprises, Inc. v. City of Kansas City, [citation omitted], [w]e stated that the purpose of the one subject in a bill requirement of Article 2, section 16 is `the prevention of a matter of legislative merit from being tied to an unworthy matter, the prevention of hodge-podge or log-rolling legislation, [10] the prevention of surreptitious legislation, and the lessening of improper influences which may result from intermixing objects of legislation in the same act which have no relation to each other.'"[11]
None of the aforementioned subjects were considered by the Senate.[12]
The provisions addressing legislative assistants and post audits were House floor amendments.[13]
In Shrout v. Rinker, [14] the Court noted that another reason for the constitutional prohibition on multiple subjects was so that legislators would not be put in a position of voting for a bill which contained provisions to which they were opposed in order to secure enactment of the bill with provisions they considered important.
The omnibus appropriations bill is one of the last bills passed each legislative session. It makes technical adjustments to appropriations bills passed earlier in the session and addresses the fiscal impact of legislation passed during the session.[15] It is exceedingly lengthy[16] because it appropriates funds for every state agency. When provisions that have nothing to do with appropriating money are inserted into this bill, legislators are placed in an untenable position of either opposing the bill and shutting down state government or voting for unrelated "provisos" that may not have survived legislative and public scrutiny
as separate bills.
In addition to the problem of the subjects being completely unrelated to the appropriation of state funds, we also note that Article 2, Section 16 requires the subject of each bill to be expressed in its title. The title of the appropriations bill[17] is "an act making and concerning appropriations for the fiscal years ending June 30, 2008, June 30, 2009, June 30, 2010, June 30, 2011, and June 30, 2012, for state agencies; authorizing certain transfers, capital improvement projects and fees, imposing certain restrictions and limitations and directing or authorizing certain receipts, disbursements and acts incidental to the foregoing. . . ."
The Kansas appellate courts have determined that while it is not necessary that a bill title be a synopsis or abstract of the entire act in all its details, the title must indicate clearly, in general terms, the scope of the act so that legislators and the public "may be fairly informed and not deceived or misled" as to what the bill embraces.[18]
The title of 2008 SB 534 does not comport with this constitutional requirement. A person reading the title of this bill would have no idea that the bill regulates out-of-state meetings for legislators, use of legislative assistants during the veto session, and requires performance audits, upon approval of the Legislative Post Audit Committee, of the Kansas Commission on Veteran Affairs and illegal immigration.
Accordingly, the provisions in question clearly violate Article 2, Section 16 of the Kansas Constitution. However, 2008 SB 534 contains a severability provision[19] which, in effect, allows the offending provisos to be excised from the bill without adverse affect on the remaining provisions.
Sincerely,
 Steve Six Attorney General
 Mary Feighny Deputy Attorney General
SS:MF:jm
[1] 2008 S.B. 534, §§ 69(a)(b), 70(a). A proviso is a clause in a statute which excepts something from the enacting clause or qualifies or restrains its generality. Black's Law Dictionary 1390 (Rev. 4th ed. 1968). Provisos are sometimes misused to introduce independent legislation. Cox v. Hart, 43 S.Ct. 154, 157, 260 U.S. 427, 67 L.Ed. 332 (1922).
[2] Codified at L. 2008, Ch. 131.
[3] Id. at § 69(a)(b).
[4] Id.
[5] 2008 S.B. 534, codified at L. 2008, Ch. 131, § 70(a). Specific issues involving illegal immigrants include: (1) estimated costs to the state for benefits and services provided to illegal immigrants; (2) estimated tax revenues generated from illegal immigrants in Kansas and the offset to the costs of benefits and services provided; (3) the impact of illegal immigrants on labor costs and job market in Kansas; and (4) the economic impact of pending legislation to the services provided for illegal immigrants.
[6] 230 Kan. 272 (1981).
[7] 230 Kan. at 257.
[8] 230 Kan. at 258.
[9] 230 Kan. at 257-258.
[10] "Log-rolling" occurs where several legislators combine their unrelated proposals and present them as separate provisions in one bill.U.S.D. 229 v. State, 256 Kan. 232, 268 (1994).
[11] 230 Kan. at 258.
[12] Conference Comparison of the Appropriations Bills for FY 2008 — 2012 (March 28, 2008) at 7-8.
[13] The amendments were to 2008 HB 2946. Journal of the House, March 19, 2008 at pp. 1611,1613, and 1614.
[14] 148 Kan. 820 (1938).
[15] Kansas Legislator Briefing Book, State Finance, at 2 (2009).
[16] The 2008 omnibus appropriations bill consists of 182 sections.
[17] 2008 SB 534, codified at L. 2008, Ch. 131.
[18] State v. Barrett, 27 Kan. 213 (1882); Kansas Tobacco-CandyDistributors Vendors, Inc. v. McDonald, 214 Kan. 67, 69 (1974).
[19] Section 173.